NUMBER 13-99-358-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SALOME VERA, JR.
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Dorsey



 Salome Garcia Vera, Jr. was indicted for intent to deliver and
felony possession of a controlled substance. He pleaded guilty to the
lesser included offense of felony possession and elected to have the jury
assess his punishment. The jury assessed punishment at five years in
prison and a $5,000.00 fine. By direct appeal, he complains that he
was denied effective assistance of counsel.

 Vera contends that counsel's performance was ineffective for the
following reasons:

 (1) Arguing to the jury that the case "was a possession
case, not a delivery case," when the State had
overwhelming evidence that Vera was actually selling drugs
and not in mere possession of drugs;


 (2) Failing to call Vera to testify on his own behalf;


 (3) Failing to object when the prosecutor asked one of
Vera's witnesses, a probation officer, whether he had
worked with children that were "hooked on drugs";


 (4) Failing to request a curative instruction when the
prosecutor argued in closing that Vera could sell drugs to
children if granted probation;


 (5) Failing to object to the charge which stated only that the
trial judge could impose a 180 day jail sentence if Vera's
community supervision were to be revoked, omitting the fact
that the trial judge could also impose such a jail sentence
regardless of whether community supervision was revoked;
and


 (6) Failing to present additional evidence on the conceded
point that Vera had no prior felony convictions.


 On the record before this court, we do not agree that those acts
amounted to ineffective assistance of counsel.

I. Standard for Reviewing Ineffective Assistance Claims


 Proving ineffective assistance of counsel is quite difficult,
especially in the posture of direct appeal when no motion for new trial
is filed. All presumptions run in favor of a finding that counsel's
conduct was a part of reasonable trial strategy. Texas courts adhere to
the United States Supreme Court's two-pronged Strickland test to
determine whether counsel's representation was inadequate so as to
violate a defendant's Sixth Amendment right to counsel. See Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Thompson v. State, 9 S.W.3d 808, 812­13 (Tex. Crim. App. 1999);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); No. 13-97-845-CR. Under Strickland, the first question is whether counsel's
performance "fell below an objective standard of reasonableness." 
Thompson, 9 S.W.3d at 812; McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119 (1997); Ex Parte
Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). If appellant
can demonstrate "deficient assistance" under the first prong of
Strickland, the next test is whether the appellant was harmed. Cf.
Thompson, 9 S.W.3d at 812; McFarland v. State, 928 S.W.2d at 500. 
The second prong of Strickland requires appellant to show "a
reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." Thompson, 9
S.W.3d at 812. A "reasonable probability" is "a probability sufficient to
undermine confidence in the outcome of the proceeding." Id.;
Hernandez v. State, 726 S.W.2d at 55. The Texas Court of Criminal
Appeals has called this two-pronged test "the benchmark for judging
whether counsel's conduct so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced
a reliable result." Thompson, 9 S.W.3d at 812 (citing McFarland v.
State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508
U.S. 963 (1993)).

 Besides the difficulty in meeting the strict two-pronged Strickland
test, another problem that arises in making a successful claim for
ineffective assistance is that the record is many times inadequate to
support the claim because of the strong presumptions that apply in the
absence of evidence to the contrary. "Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." Thompson, 9 S.W.3d at 812. 

 When reviewing a claim of ineffective assistance of counsel under
the first prong, we must presume "that counsel is better positioned
than the appellate court to judge the pragmatism of the particular case,
and that counsel made all significant decisions in the exercise of
reasonable professional judgment." Young v. State, 991 S.W.2d 835,
837 (Tex. Crim. App. 1999). Further, we strongly presume that
counsel's conduct lies within the "wide range of reasonable
representation" and constitutes sound trial strategy. McFarland, 928
S.W.2d at 500. Thus, we must evaluate the quality of the
representation from counsel's perspective at trial, rather than counsel's
isolated acts or omissions in hindsight. Strickland, 466 U.S. at 689;
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).

 To make out a claim of ineffective assistance, an appellant must
show ineffective assistance firmly rooted in the record. Jackson v. State,
877 S.W.2d 768, 771­72 (Tex. Crim. App. 1994). Appellate courts may
not speculate as to the reasons behind trial counsel's actions nor should
they try to second guess trial counsel's tactical decisions which do not
fall below the objective standard of reasonableness. Young, 991
S.W.2d at 837­38; Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim. App.
1990). In fact, the court of criminal appeals has noted that:

 A substantial risk of failure accompanies an appellant's claim
of ineffective assistance on direct appeal. Rarely will a
reviewing court be provided the opportunity to make its
determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving
such a serious allegation. In the majority of instances, the
record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.


Thompson, 9 S.W.3d at 813­14.

II. Application of Strickland to Vera's Complaints


 Our first task is to determine whether trial counsel's acts fell below
an objective standard of reasonableness. We hold that they did not. 
Rather, they must be presumed to be a part of counsel's "reasonable
trial strategy" on the record before us. Vera has offered no evidence
regarding why counsel's actions could not be considered reasonable
trial strategy. In the absence of such evidence, this court must
presume counsel's conduct fell within the "wide range of reasonable
trial strategy" unless the conduct was so clearly deficient that no
additional evidence could possibly show the performance was
reasonable. See Stone v. State, No. 13-97-845-CR, 2000 WL 38012
(Tex. App.--Corpus Christi, April 13, 2000) at *3.

 1. Jury Argument

 Vera's first complaint is about counsel's jury argument. Counsel
argued:

 [F]irst of all, this is a possession case, not a delivery case. Of
course, the Government can go ahead and introduce other
factors for purposes of punishment, but this is a possession
case, but you may hear some evidence from the State that
[Vera] was dealing and infer from the cocaine itself;
however, there's other facts, too.


Vera contends that by making that statement, counsel opened himself
and his client up to a devastating assault on their credibility because of
the overwhelming evidence offered thereafter by the State on "delivery."

 However, the statement that counsel made was objectively true. 
While the State was equipped to offer powerful evidence regarding
delivery, the fact remained that Vera was convicted of the lesser offense
of possession. The overall defense strategy appeared to be to plead to
the lesser offense and receive punishment within that range rather than
within that of the higher offense. Reducing the range of punishment
very well may have been the best strategy available to persuade the jury
to give Vera a lighter sentence.

 The evidence regarding delivery was there, and counsel could not
have prevented it from being admitted at the punishment hearing. The
code of criminal procedure allows evidence to be admitted during a
punishment hearing regarding any matter the court deems relevant to
sentencing,

 including but not limited to the prior criminal record of the
defendant, his general reputation, his character, an opinion
regarding his character, the circumstances of the offense for
which he is being tried, notwithstanding Rules 404 and 405,
Texas Rules of Criminal Evidence any other evidence of an
extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by
the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2000). If the
State was unwilling to offer a lighter sentence as part of a plea bargain,
counsel had no choice but to allow either the judge or the jury to assess
punishment. With no way to avoid having the jury hear evidence
regarding "delivery," the best strategy may very well have been to
attempt to persuade the jury that it should only sentence Vera for
possession and not attempt to impose a delivery sentence upon him
given the damning evidence. Given the broad deference given to
counsel's strategic discretion, we hold this action was within the zone
of reasonable trial strategy.

 2. Failure to Call Vera to Testify on his own Behalf

 Next, Vera complains that trial counsel's performance was
deficient because counsel failed to call Vera to testify on his own behalf. 
However, Vera has offered no evidence that his own testimony would
have actually benefitted him. Many times, calling a defendant to testify
can open the door to admission of devastating evidence. Certainly,
situations exist where choosing not to calling a defendant to testify is
sound strategy. We have no evidence that this was not such a
situation. Thus, we must presume it was.

 3. Failure to Object

 Next, Vera complains that trial counsel was deficient in failing to
object when the State questioned a defense witness who was a
probation officer whether the officer had worked with children who
were "hooked on drugs." However, Vera has made no legal argument
regarding why that question was objectionable. The defense called the
officer to testify regarding the relative success of rehabilitation efforts. 
While the State's question was arguably irrelevant or unfairly
prejudicial, we do not find that counsel's failure to object was so
egregious that it amounted to ineffective assistance. Moreover, "in
order to argue successfully that . . . trial counsel's failure to object to the
State's questioning and argument amounted to ineffective assistance,
appellant must show that the trial judge would have committed error
in overruling such an objection." Vaughn v. State, 931 S.W.2d 564,
566 (Tex. Crim. App. 1996). Vera has not met this burden by pointing
out the legal basis of the objection he claims that should have been
lodged. Thus, we hold that counsel's actions were not deficient in
failing to object to that question.

 4. Failure to Request a Curative Instruction

 Vera complains that counsel was ineffective for failing to request
a curative instruction when the State argued to the jury that if Vera
were to be granted probation, he would be free to sell drugs to children. 
We do not agree that failure amounted to ineffective assistance. If
counsel believed there was no reasonable expectation that mistrial
would be granted, the failure to request a curative instruction could
have been a strategic decision to avoid calling undue attention to the
prejudicial argument. Counsel did object to the testimony, and his
objection was sustained by the trial court. The court of criminal appeals
has cautioned that "[a]n appellate court should be especially hesitant to
declare counsel ineffective based upon a single alleged miscalculation
during what amounts to otherwise satisfactory representation,
especially when the record provides no discernible explanation of the
motivation behind counsel's actions--whether those actions were of
strategic design or the result of negligent conduct." Thompson, 9
S.W.3d at 814. We do not find his conduct rose to the level of
ineffective assistance in failing to request a curative instruction.

 5. Failure to Request a Special Jury Instruction 

 Next, Vera contends that counsel failed to object to an incomplete
jury charge. Specifically, he contends that counsel's conduct was
deficient in allowing a charge to go to the jury without objection that
stated the court could sentence Vera to 180 days in jail if given
probation and it was revoked, but not including a statement that the
judge could impose a jail sentence up to 180 days as a condition of
probation. The charge stated:

 [Vera] filed his sworn motion stating that he has never
before been convicted of a felony in this State or in any other
State and requesting that he be placed on community
supervision.


 "Community supervision" means the placement of a
defendant by a Court under a continuum of programs and
sanctions, with conditions imposed by the Court for a
specified period during which a sentence of imprisonment or
imprisonment and fine is probated and the imposition of
sentence is suspended in whole or in part. "Community
supervision" was previously known and referred to as
"probation."


 Our law provides that where the Jury finds the
defendant guilty of the offense of Possession of Cocaine in
an amount of four grams or more but less than 200 grams
and sets his punishment at a term of not more than 10 Years
imprisonment and the Jury also finds that the Defendant has
never before been convicted of a felony in this State or in any
other State, then the Jury may recommend to the Judge that
the Judge suspend the imposition of the sentence and place
the defendant on community supervision. Whether you do
or do not recommend the placement of the Defendant on
community supervision is a matter that rests within the
sound discretion of the Jury. If the Jury recommends to the
Judge that the Judge place the defendant on community
supervision, then the Judge shall place the defendant on
community supervision and the Defendant will not be sent
to the penitentiary for the term assessed. If the Jury does
not recommend to the Judge that the Judge place the
defendant on community supervision, then the Judge shall
not place the defendant on community supervision and the
defendant will be sent to the penitentiary for the term
assessed.


 If the Jury recommends to the Judge that the Judge
place the defendant on community supervision, then the
Judge, and not the Jury, determines and sets the period of
community supervision. Do not confuse the "period of
community supervision" with the "term of imprisonment." 
The term of imprisonment is the punishment that the
Defendant would be liable to serve in the penitentiary should
his community supervision be revoked. The period of
community supervision is the period of time that the
defendant would be under the supervision of the court while
the defendant is on community supervision. In a felony
case, the minimum period of community supervision is the
same as the minimum term of imprisonment applicable to
the offense (for the offense of Possession of Cocaine in an
amount of four grams or more but less than 200 grams, the
minimum period of community supervision is 2 years) and
the maximum period of community supervision in any case
is 10 years.


 The Judge, and not the Jury, determines and sets the
conditions of community supervision as required by law and
by the facts of the case, and may, at any time during the
period of community supervision, alter or modify the
conditions of community supervision.


 When community supervision is granted to a
Defendant, it cannot be revoked so long as the defendant
does not violate any of the conditions of community
supervision. If a defendant violates any condition of
community supervision, the Court may conduct a hearing,
without a Jury, to determine whether the Defendant has in
fact violated a condition of community supervision and to
determine the reasons, if any, for such violation. If the Court
finds that the Defendant has violated a condition of
community supervision, the Court may continue the
Defendant on community supervision, modify the conditions
of community supervision, and/or impose one or more
sanction on the defendant, or revoke the Defendant's
community supervision.


 If the Defendant is continued on community
supervision, in all probability the conditions of community
supervision will be modified and/or the Court may impose
one or more sanctions on the defendant. Doing so may
result in the increased supervision of the Defendant,
including a period of confinement not to exceed 180 days. 
The Defendant may be continued on community supervision
by extending the regular period of community supervision so
that the total period of community supervision, including any
extensions, does not exceed 10 years.


 If the Defendant's community supervision is revoked,
the Court may proceed to dispose of the case as if there had
been no community supervision and may order that the
Defendant be imprisoned in the penitentiary for the term
assessed by the Jury and that he pay his fine, if any. If the
Court determines that the best interest of society and the
Defendant would be served by a shorter term of
imprisonment, the Court may reduce the term of
imprisonment originally assessed to any term of
imprisonment not less than the minimum prescribed for the
offense of which the defendant was convicted. No part of
the time that the Defendant is on community supervision,
including any confinement served as a condition of
community supervision, is considered as any part of the
sentence that he is required to serve.

(emphasis added).

 Vera complains that this charge is incomplete. We disagree, and
rather, find that the charge correctly and sufficiently sets forth the law
regarding community supervision. See Tex. Code. Crim. Proc. Ann. art.
42.12, § 4(a), § 11(a) (Vernon Supp. 2000). We hold that the failure to
request an additional instruction containing illustrative "conditions" of
community supervision that the judge may impose does not fall below
the standard of reasonably competent representation.

 Article 42.12 of the code of criminal procedure provides a
nonexclusive list of conditions that may be imposed as a term of
community supervision. Tex. Code Crim. Pro. Ann. art. 42.12, § 11(a)
(Vernon Supp. 2000). Some examples of these conditions are: (1) a
condition that the defendant shall commit no offense against the laws
of this State or of any other State or of the United States; (2) shall avoid
injurious or vicious habits; (3) avoid persons or places of disreputable
or harmful character; (4) shall report to the supervision officer as
directed by the judge and obey all rules and regulations of the
community supervision and corrections department. Id. The list is
illustrative, not exhaustive. Id. Section 12 states that if a judge
imposes a period of confinement in a county jail as a term of community
service in a felony case, that term may not exceed 180 days. Id. at art.
42.12, § 12.

 It is settled law that an erroneous or incomplete jury charge . . .
does not implicate state or federal constitutional rights. Abdnor v.
State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994); Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 1981). A constitutional violation occurs
only if there is a reasonable likelihood that the jury understood the
instructions to allow conviction on insufficient proof. Barrera v. State,
982 S.W.2d 415, 416-17 (Tex. Crim. App. 1998). Article 36.14 of the
code of criminal procedure governs the charge, and states that the
"judge shall deliver to the jury a written charge distinctly setting forth
the law applicable to the case." Counsel on both sides are then
permitted to request special instructions to be given in the charge. Tex.
Code Crim. Proc. Ann. art. 36.15 (Vernon Supp. 2000). Vera argues that
his attorney provided ineffective assistance by failing to request an
instruction advising the jury that a term of imprisonment may be
included as a condition of community supervision. We do not agree.

 While it may have been a good strategy to advise the jury that a
jail sentence may be imposed as a term of community supervision, the
failure to do so does not amount to an unreasonable trial strategy. This
court is not permitted to determine what counsel might have done
better, but is charged with determining from the record whether
counsel's actions or inactions were so deficient as to violate the
defendant's right to counsel guaranteed by the Constitution. We do not
find that the failure to instruct the jury that a jail sentence may be
imposed as a condition of community supervision rises to that level of
deficiency.

 6. Failure to Present Evidence that Vera had no Prior Felony
Convictions

 Finally, Vera complains that counsel was ineffective because "it
was the prosecutor who established that the appellant had never been
convicted of a felony--not the defense attorney." However, the record
shows that during opening argument, defense counsel clearly stated to
the jury that Vera had never before been convicted of a felony. That
statement was never disputed. True, the State was the first to ask the
question whether Vera had ever been convicted of a felony. But that
fact means little in this case. The court's charge clearly stated that the
only way community supervision was available as a sentencing option
was if Vera had no prior felony convictions. Moreover, once the
prosecutor solicited direct testimony that Vera had no prior felony
convictions, the decision of whether to submit additional evidence to
bolster that point was strictly a matter of strategy. Vera has produced
no evidence that counsel's strategy was unreasonable. We hold that
counsel's performance was not deficient for that failure.

 Accordingly, we overrule all Vera's points of error, and AFFIRM the
judgment of the trial court.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 8th day of June, 2000.