Muhammad Lutharius YOUNG, Appellant,

v.

The STATE of Texas.

No. 112–98.

Court of Criminal Appeals of Texas, En Banc.

April 26, 1999.

---

Sydney Young, Paris, for appellant.

Karla R. Baugh, Asst. Dist. Atty., Paris, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, PRICE, HOLLAND, WOMACK, and JOHNSON, JJ., joined.

Appellant was convicted of attempted murder[1] and sentenced to twenty years in prison. On appeal, Appellant argued he received ineffective assistance of counsel because Appellant's testimony raised the defense of necessity and counsel failed to request a jury instruction. The Court of Appeals agreed and reversed the conviction. *Young v. State,* 957 S.W.2d 923 (Tex. App.—Texarkana 1997). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred.

### I.

The facts are set out at length in the Court of Appeals' opinion. *Young,* 957 S.W.2d at 924. In short, following a civilian arrest of Appellant by Brad and Don Hilliard, Appellant attempted to escape from the Hilliards' moving truck. Don Hilliard testified that he attempted to flag down a police officer, which he claims made Appellant nervous. According to Hilliard, Appellant threatened him and told him to stop the car or he would rip out the transmission and kill them all. When Hilliard did not comply with Appellant's demands, Appellant put his foot on the gas pedal and grabbed the steering wheel, causing the truck to careen off the road and crash into a set of gasoline pumps at a convenience store.

In contrast, Appellant testified that he was afraid for his life after being unlawfully arrested by the Hilliards. He said he reached for the door handle to exit the truck, but Don Hilliard grabbed his arm, hitting the steering wheel in the process and causing the truck to veer off the road.

---

1. Criminal attempt is defined by section 15.01(a) of the Penal Code:

A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more mere preparation that tends but fails to effect the commission of the offense intended.

Murder is defined by section 19.02(b) of the Penal Code:

A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Appellant denied putting his foot on the gas pedal and grabbing the steering wheel, and denied threatening the Hilliards. Defense counsel argued Appellant's actions, as Appellant presented them at trial, were justified by Appellant's fear, and that Appellant reasonably believed he had to grab for the door handle and attempt to escape in order to save his life.

The jury found Appellant guilty. On appeal, Appellant claimed trial counsel was ineffective because counsel failed to request a jury instruction on the defense of necessity. The Court of Appeals agreed:

> The failure to instruct the jury in necessity precluded the jury from factoring in Young's testimony that he was afraid for his life. As in *Vasquez*, such failure 'undermines our confidence in the conviction sufficiently to convince us that the result of the trial might have been different had the instruction been requested and given.'

*Young*, 957 S.W.2d at 927, citing *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex.Crim. App.1992).

We granted the State's petition for discretionary review to examine the Court of Appeals' application of the standard for ineffective assistance of counsel claims set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]

## II.

■ This Court adopted the *Strickland* standard in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The appellant bears the burden of proving ineffective assistance of counsel claims by a preponderance of the evidence. *Jackson*

*v. State*, 973 S.W.2d 954 (Tex.Crim.App. 1998).[3]

■ Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. The first part presumes "that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that [counsel] 'made all significant decisions in the exercise of reasonable professional judgment.'" *Jackson v. State*, 877 S.W.2d 768, 771 (1994) (quoting *Delrio v. State*, 840 S.W.2d 443, 447 (1992)).

Under the second part of the *Strickland* test, the appellant must show that the deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In other words, the appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. This part of the test carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689, 104 S.Ct. 2052.

■ In applying this test, an appellate court should not try to second guess trial counsel's tactical decisions which do not fall below the objective standard of reasonableness. *Solis v. State*, 792 S.W.2d

**2.** Specifically, the State's grounds for review assert: (1) the Court of Appeals erred in applying *Strickland v. Washington*, by holding that failure to request the defense of necessity in the jury charge is always ineffective assistance of counsel; and (2) the Court of Appeals erred in applying the first prong of *Strickland v. Washington* by determining that the defense of necessity was applicable in the instant case.

**3.** In *Jackson*, we held that in cases where the record on direct appeal is inadequate to evaluate an appellant's ineffective assistance of counsel claim, this Court's rejection of that claim will not preclude an appellant from raising the same claim in an application for writ of habeas corpus. The present cause, however, is not such a case.

95, 100 (Tex.Crim.App.1990). This is especially true where the decision in question concerns presentation of a defense: "Just because a competent defense attorney recognizes that a particular defense *might* be available to a particular offense, he or she should also decide it would be inappropriate to propound such a defense in a given case." *Vasquez,* 830 S.W.2d at 950–51 n. 3.

Appellant contends that trial counsel was ineffective for failing to request a jury instruction on the defense of necessity. Before we examine the Court of Appeals' holding that this rendered counsel ineffective under *Strickland,* we review the law concerning the defense of necessity.

### III.

Chapter nine of the Texas Penal Code is titled "Justification Excluding Criminal Responsibility." It includes justifications such as necessity and public duty, and explains the justification aspects of protection of persons and property. Section 9.02 explains that "It is a defense to prosecution that the conduct in question is justified under this chapter."

Necessity has traditionally been a justification for conduct that would otherwise be criminal. As Professors LaFave and Scott explain, "[w]hen the necessity defense applies, it justifies the defendant's conduct in violating the literal language of the criminal law and so the defendant is not guilty of the crime in question." WAYNE R. LAFAVE and AUSTIN W. SCOTT, JR., CRIMINAL LAW § 5.4(a) (2d ed.1986, supp.1993). As Texas legal scholars have noted, "[t]he defense of necessity is a justification for engaging in conduct that otherwise would be criminal conduct." 42 GEORGE E. DIX and ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND

PROCEDURE § 36.47 (1995, supp.1998). Necessity enables the social policy of promoting the greater good; "if the harm which will result from compliance with the law is greater than the harm which will result from violation of it" then the defendant is justified in his conduct. LAFAVE and SCOTT, *supra,* at § 5.4.

■ Section 9.22 of the Texas Penal Code explains necessity:

> Conduct is justified if: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be presented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

In order to raise necessity, a defendant admits violating the statute under which he is charged and then offers necessity as a justification which weighs against imposing a criminal punishment for the act or acts which violated the statute.

### IV.

■ The Court of Appeals concluded: "Young's testimony supports the possibility that he was trying to free himself from an unlawful arrest. Young's counsel's failure to request an instruction on necessity amounted to ineffective assistance of counsel." *Young,* 957 S.W.2d at 927. We agree that Appellant's testimony supported the possibility that he was trying to free himself from an unlawful arrest. The Court of Appeals erred, however, by assuming that Appellant's testimony therefore raised the defense of necessity.[4]

---

**4.** The Court of Appeals also erred by disregarding the second part of the *Strickland* test. After determining that counsel's performance was so deficient as to deprive Appellant of his constitutionally guaranteed effective assistance of counsel, the court of appeals should have continued with the second part of the test, addressing whether the deficient performance prejudiced the defense. To abolish the second part of the *Strickland* test creates an impermissible per se rule making counsel ineffective for failing to, or choosing not to, request a jury instruction to which the defendant is entitled. As the Court of Appeals

In reaching its conclusion, the Court of Appeals relies heavily on our decision in *Vasquez v. State,* 830 S.W.2d 948 (Tex. Crim.App.1992), treating the present case as identical. In *Vasquez,* the defendant was charged with possession of a firearm by a felon. The defendant admitted that he had possessed a firearm. The defendant testified ex-members of a prison gang kidnapped him and held him hostage. He said he was able to escape by grabbing a gun when the man guarding him was distracted. Afterwards he was seen walking through a parking lot with the gun, and was subsequently arrested. We held under these facts the defendant's testimony raised the defense of necessity. The defendant admitted that he committed the offense, and offered necessity as a justification—possessing the weapon was the only way he was able to escape from his captors.

In *Vasquez,* the defendant claimed ineffective assistance of counsel because trial counsel failed to request a jury instruction on the defense of necessity—the only defense available to the defendant, and the only defense presented at trial. Applying the *Strickland* test, we ultimately found trial counsel ineffective.[5] We said: "Under the facts of this case, it would have been error for the trial court to refuse such an instruction, had one been requested."[6] *Vasquez,* 830 S.W.2d at 951.

In the present case, Appellant did not present the *defense of necessity* at trial. While trial counsel argued Appellant acted reasonably, according to Appellant's testimony regarding his actions, and that these actions were necessary to save his life, such an argument does not present the defense of necessity. To raise necessity, Appellant must admit he committed the offense and then offer necessity as a justification. Here, Appellant did not admit to attempted murder, albeit one that was justified by the defense of necessity. Appellant argued he did not commit the offense because he did not have the requisite intent and he did not perform the actions the State alleged. Appellant was therefore not entitled to a jury instruction on the defense of necessity.

Because Appellant was not entitled to a jury instruction on necessity, Appellant has not shown that counsel's performance in failing to request an instruction was deficient under the first part of the *Strickland* test. Trial counsel's failure to request a jury instruction does not constitute an error so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Under the facts of this case, it is not an error at all.

We reverse the judgment of the Court of Appeals and remand this cause to the court of appeals for further proceedings consistent with this opinion.

recognized, "[t]he defendant, however, bears the burden of overcoming the presumption that counsel's decision not to request the instruction could be considered sound trial strategy." *Young,* 957 S.W.2d at 925 (footnote omitted). As such, a reviewing court must always consider the second part of *Strickland,* and the Court of Appeals erred by not doing so. This error becomes moot, however, due to our holding under the second ground for review.

5. Our opinion stated the rationale for this holding, namely that counsel's performance was deficient under the first prong of *Strickland* because it is not reasonable to fail to request an instruction on the only defense presented at trial. There is no possible strate-

gic reason for so doing. Under the second prong of *Strickland,* we concluded that "[b]ecause the evidence did raise the defensive issue of necessity, and because appellant's counsel failed to request a jury instruction on the issue, the jury was precluded from giving effect to appellant's defense." *Vasquez,* 830 S.W.2d at 951.

6. In *Young,* the Court of Appeals mischaracterized this statement: "Failure by counsel to request a jury instruction can render his assistance ineffective if, under the facts of the case, it would have been error for the trial court to refuse such an instruction, had one been requested." *Young,* 957. S.W.2d at 925. This misrepresents the holding in *Vasquez* and misstates the law.

WOMACK, J., filed a concurring opinion in which KELLER, J., joined.

McCORMICK, P.J., and KEASLER, J., concurred.

MANSFIELD, J., filed a dissenting opinion.

WOMACK, J., filed a concurring opinion in which KELLER, J., joined.

Although I join the Court's opinion, I want to emphasize that the result of this appeal would not necessarily have been different if the evidence had raised the defense of necessity. The appellant still would have been two steps away from a reversal, since he would have had to show that counsel's decision not to request such a charge was deficient, and that the deficient performance made the verdict unreliable.

MANSFIELD, J., delivered the dissenting opinion.

Because I believe appellant was clearly entitled to a jury instruction on the defense of necessity and counsel was ineffective for failing to request such instruction, I respectfully dissent.

As set forth in the opinion of the majority, appellant was "arrested" by two civilian individuals, Brad and Don Hilliard, and forced to get into their truck. Appellant testified he was in fear of his life and attempted to escape by grabbing the nearest door handle. Donald Hilliard testified appellant threatened to kill them and subsequently grabbed the steering wheel and stepped on the gas pedal, causing the truck to crash into some gasoline pumps at a convenience store.[1] No instruction as to the defense of necessity was requested and none was given. The jury found appellant guilty of attempted murder as charged in the indictment.

The court of appeals, agreeing with appellant's assertion counsel was ineffective due to his failure to request a jury instruction on the defense of necessity, reversed appellant's conviction. *Young v. State,* 957 S.W.2d 923 (Tex.App.-Texarkana 1997).

The standards for testing claims of ineffective assistance of counsel are set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the claimant must prove, by a preponderance of the evidence, that his counsel's representation was deficient. Second, he must also prove that counsel's deficient performance prejudiced his defense to such an extent as to deprive him of a fair trial, therefore resulting in a trial whose result is not reliable. *Strickland,* 104 S.Ct. at 2064. On appeal, scrutiny of counsel's performance must be highly deferential; the reviewing court must indulge a strong presumption that counsel's representation falls within the wide range of reasonable professional assistance, that is, counsel's actions (or inactions) might be considered "sound trial strategy." *Strickland, supra,* at 2065.

Turning to the present case, appellant testified his behavior which caused the Hilliards' truck to crash was in response to his being held captive by the Hilliards, which caused him to be confused and frightened for his safety. Testimony at trial does not establish clearly whether or not the "arrest" of appellant by the Hilliards was valid under Texas Code of Criminal Procedure, Article 14.01.

A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence, even if that evidence is weak, impeached or if the trial court finds it not believable. The defendant's testimony alone may be enough to raise a defensive theory requiring a jury charge. *Vasquez v. State,* 830 S.W.2d 948, 951 (Tex. Crim.App.1992); *Thomas v. State,* 678 S.W.2d 82, 84 (Tex.Crim.App.1984).

---

1. The Hilliards, as well as appellant, were injured in the accident and were taken to a hospital.

Appellant's testimony at trial clearly raised the defensive theory of necessity.[2] He was entitled to a charge as to this defense if he reasonably believed the conduct was necessary to avoid immediate harm; the harm sought to be avoided is clearly greater than the harm caused and; a legislative purpose to exclude the justification claimed does not otherwise plainly appear. Tex. Penal Code, § 9.22; *Williams v. State*, 630 S.W.2d 640, 642–643 (Tex.Crim.App.1982). Appellant, however, bears the burden of overcoming the presumption that counsel's decision not to request a jury instruction as to the necessity defense could be considered sound trial strategy. *Strickland, supra; Jackson v. State*, 877 S.W.2d 768, 771–772 (Tex.Crim. App.1994).

The only vehicle by which the jury could give proper consideration to appellant's testimony was an instruction as to the defense of necessity. Without such an instruction giving the jury an opportunity to consider this defense, conviction was a foregone conclusion. *Young*, 957 S.W.2d at 927, citing *Vasquez, supra*, at 951. Accordingly, I must agree with the court of appeals that the failure of counsel to request an instruction on necessity precluded the jury from factoring in appellant's testimony he acted out of fear for his life, thereby depriving him of his only viable defense. I agree further that had the instruction been requested and given, the outcome of the trial might well have been different; therefore, the second prong of *Strickland* has been satisfied.

I would affirm the judgment of the court of appeals. I respectfully dissent.

---

2. Appellant was outnumbered two to one. He testified the Hilliards "threw him" in the truck and refused to tell him where they were taking him. He testified further he was scared and felt his life was in danger. He finally testified that after they refused to let him out of the truck, he reached for the door to open it and jump out and that the collision with the gas pumps occurred during his struggle to open the door.