NUMBER 13-99-239-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FABIAN WAYNE FLORES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 183rd District Court


of Harris County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Yanez and

Kennedy(1)

Opinion by Justice Kennedy






 Appellant was convicted of murder. He pleaded "not guilty" to a
jury and was found guilty. The jury assessed punishment at
confinement for ninety-nine years. The evidence shows that appellant
stabbed his victim to death in a motel room. The victim had given
appellant a ride in his car and then took him to his motel room to spend
the night. After the two parties were in the victim's room, appellant
showered, at the victim's suggestion, and went to bed with the victim. 
The victim made a sexual advance to appellant and appellant took a
knife from his bag and stabbed the victim to death. Appellant, in his
confession, stated that he had wanted to kill someone since he was
fourteen years old. He stated further that when he left home on the
night of the incident, he carried a knife and planned to kill someone. He
also stated that he had rejected rides from two previous men before he
agreed to get in the victim's car.

 This appeal brings fifteen points of error. The first eleven points,
and points fourteen and fifteen, involve ineffective assistance of counsel
at the trial. Point twelve challenges the failure of the trial court to
suppress appellant's written statement to the police, and point thirteen
involves the trial court's refusal to admit a certain defense exhibit into
evidence.

 In considering the ineffective assistance points, we are governed
by the well recognized two-prong rule set out in Strickland v.
Washington, 466 U.S. 668 (1984) and Hernandez v. State, 726 S.W.2d
53 (Tex. Crim. App. 1986). In its simplest terms, the rule requires that
in order for alleged ineffective assistance to require reversal of a
conviction, an appellant must show both (1) that counsel's performance
fell below the standard of prevailing professional norms, and (2) but for
counsel's deficient performance, the result of the proceeding would
have been different. McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996).

 The first five ineffective assistance points have to do with
appellant's mental condition which resulted in his having been
hospitalized in the past. It is alleged that trial counsel should have
secured these hospital records before trial and should have used them
to either plead insanity or in mitigation of punishment. 

 The next three ineffective assistance points allege error in trial
counsel not securing and presenting evidence of the victim's character
during the trial. In this connection, appellant's brief alleges a prior
conviction of the victim in Oklahoma for preying on children. Also, the
record shows that when appellant stabbed the victim, it was in
response to a sexual advance by the victim toward appellant.

 Points nine and ten allege ineffective assistance in not offering
evidence of self-defense. The final two points, under the heading of trial
counsel error, allege ineffective assistance in trial counsel's total
performance.

 The court of criminal appeals recently referred to the difficulty in
substantiating a claim of ineffective assistance to be the lack of an
adequately developed record. They said:

 A substantial risk of failure accompanies an appellant's claim
of ineffective assistance on direct appeal. Rarely will a
reviewing court be provided the opportunity to make its
determination on direct appeal with a record capable of
providing a fair evaluation of the merits of the claim involving
such a serious allegation. In the majority of instances, the
record on direct appeal is simply undeveloped and cannot
adequately reflect the failings of trial counsel.


Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

 A claim of ineffective assistance must be firmly rooted in the
record. Jackson v. State, 877 S.W.2d 768, 771-2 (Tex. Crim. App.
1994). The reason an adequate record is so important in these cases
is because, in the absence of a record, the court will indulge strong
presumptions that counsel's performance was a part of trial strategy,
and typically will not second-guess a matter of trial strategy. See
Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999).

 The trial court held a hearing upon a motion for new trial and the
record of that hearing is before us. By order of the trial judge, the
hearing was conducted on affidavits and exhibits. The trial attorney
sent to the appellate attorney a letter affidavit which offers appellant no
help save, perhaps, the statement that she has misgivings about (1)
"objections to state's final argument that were overruled," and (2)
"conclusory affidavit underlying arrest warrant" (we will deal with this
in connection with point number eleven). She was also concerned
about whether she missed an opportunity to introduce evidence about
the victim being on deferred adjudication in Oklahoma for child
molestation.

 The ineffective assistance points can be stated, each in its most
brief form, as follows:

 One: failure to obtain records of appellant's mental health history.


 Two: failure to introduce mental health records at
guilt/innocense phase of trial.


 Three: failure to introduce such records at punishment phase.


 Four: failure to raise issue of sanity at time of offense at
guilt/innocense phase.


 Five: failure to raise such insanity issue at punishment phase.


 Six: failure to investigate evidence of the victim's character as a
child molester based upon a prior conviction in Oklahoma.


 Seven: failure to offer evidence of such character at guilt/innocense
phase.


 Eight: failure to offer such evidence at punishment phase.


 Nine: failure to offer evidence of self-defense at
guilt/innocense phase.


 Ten: failure to offer evidence of self-defense at punishment phase.


 Eleven: failure to make arrest warrant and supporting affidavit part
of record.


 Fourteen: overall conduct denied effective assistance at
guilt/innocense phase.


 Fifteen: overall conduct denied effective assistance at punishment
phase.


 We have found nothing in the record before us that would
substantiate a plea of insanity at the time of the offense for appellant
and overrule points of error one, two, three, four, and five(2).

 We have examined all of the records available to us, including
records introduced at the hearing on the motion for new trial. We have
no way of knowing what any missing records would have shown. In
view of appellant's confession, and the premeditated and brutal nature
of the killing, we are not convinced that the victim's character would
have helped reduce the ninety-nine year sentence. We know of no
authority which would permit appellant to offer evidence of the victim's
sexual misbehavior, either to show self-defense or mitigation of
punishment. Appellant's own statement shows only a sexual advance
unaccompanied by any threat of physical harm.

 Appellant cites in support of points six, seven, and eight, Texas
Rules of Criminal Evidence 412a(2) and Rule 401. He also cites Goff v.
State, 931 S.W.2d 537, 552-3 (Tex. Crim. App.1996), to say that
evidence of a relevant trait of character of the victim may be shown and
that instances of bad conduct are admissible to rebut evidence of a
victim's good conduct. Actually, this was the argument of appellant
in Goff, quoted by the court. Id. at 552. Goff, supra, also said, with
respect to Rule 401, "Questions of relevance should be left largely
to the trial court, relying on its own observations and experience,
and will not be reversed absent an abuse of discretion. Id. at 553. 

 Rule 401 merely says:

 "Relevant evidence" means evidence having a tendency to
make the existence of any fact that is of consequence to the
determination of the action more probable or less probable
than it would be without the evidence. 


Tex. R. Evid. Rule 401 (Vernon Special Pamphlet 2000). Rule 412a(2) is,
perhaps a mis-cite because there is no such rule. Rule 412(b) refers to
past instances of the victim's sexual behavior in prosecutions for sexual
assault and has no bearing on this case. The evidence in the present
case reveals that appellant did not know of his victim's past conduct,
in fact, didn't know who the victim was until the trial date approached. 
In view of the manner in which the murder was committed, we cannot
fault trial counsel for not having and presenting the prior conviction of
the victim in Oklahoma.

 Evidence of the victim's prior sexual misconduct could have been
denied admission into evidence. We overrule points six, seven, and
eight.

 Points nine and ten fault trial counsel for not offering evidence of
self-defense at either or both phases of the trial. The record does not
support an element of self-defense. There is no evidence that appellant
was in any danger of physical harm. On the other hand, the
uncontroverted evidence shows that appellant planned the murder,
picked his victim, and killed him. We overrule points nine and ten.

 Point of error eleven alleges ineffective assistance because during
the hearing on the motion to suppress appellant's statement, trial
counsel did not insure that the warrant for appellant's arrest and its
supporting affidavit were made a part of the record. The follow-up
allegation is that such failure denies the appellate attorney the
opportunity to review the documents, and negates the possibility that
the appellate court may review these documents to determine if the trial
court erred in denying the motion to suppress. Actually, these
documents are before us as State's Exhibit 38A in the record of the trial. 
We have been shown no error(s) in the documents and have found
none. We consider this point of error in connection with point number
12 which argues that the trial court erred in not suppressing appellant's
statement. Appellant's brief gives no reason why the trial court erred
other than to draw the conclusion that the "arrest was improper and
illegal because it was based on insufficient affidavit." We overrule
points eleven and twelve.

 Point of error number thirteen alleges error by the trial court in
sustaining a hearsay objection to a letter from trial counsel to appellate
counsel introduced at the hearing on the motion for new trial. In the
letter, trial counsel admits that she "missed a legitimate opportunity to
introduce evidence that the [victim] was on deferred adjudication for
child molestation in Oklahoma." (emphasis added). Appellant then
argues that he had the right to show that trial counsel was in error (and
thus ineffective) in that the victim had actually been convicted in
Oklahoma and the refusal to admit the letter was error. Whether the
letter was or was not hearsay would have no bearing on any assistance
the letter would have given appellant on appeal. We held earlier that
trial counsel was not ineffective in not attempting to prove the victim's
criminal record. The error, if any, in sustaining a hearsay objection to
the letter was harmless. The exclusion of the evidence did not affect a
substantial right of appellant, and the trial court's ruling was not error. 
Tex. R. Crim. Evid. 103. We overrule point of error thirteen.

 Appellant's final two points of error allege ineffective assistance in
the overall conduct of trial counsel in the guilt/innocense phase of the
trial (point fourteen) and also in the punishment phase (point fifteen). 
Having carefully examined and rejected all the allegations of ineffective
assistance raised in appellant's brief, we feel that no 







more need be said about this subject. We overrule points of error
fourteen and fifteen and AFFIRM the judgment of the trial court.

 Noah Kennedy

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 22nd day of June, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. §74.003 (Vernon 1998).

2. The psychological evaluation of appellant by a psychologist
does not indicate that appellant did not know right from wrong. 
The state's evidence shows a pre-incident plan to kill someone.