NUMBER 13-03-083-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

DAVID RAY ELLIOTT,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 370th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 
          Appellant, David Ray Elliott, was indicted on six counts of indecency with a child.


 
Following a jury trial, appellant was convicted on two of the six counts, and was sentenced
to imprisonment for a period of twenty-five years. In a single issue, he argues he was
denied effective assistance of counsel because trial counsel introduced evidence that
appellant had two prior convictions, even though such evidence was inadmissible. We
reverse and remand for a new trial.
          The trial court has certified that this is not a plea bargain case and the defendant
has a right to appeal. See Tex. R. App. P. 25.2(a)(2).
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them except as necessary to advise the parties of
the court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
I. Standard of Review
          We review ineffective assistance claims under the two-part test set forth in
Strickland v. Washington, 466 U.S. 668, 687 (1984), and Bone v. State, 77 S.W.3d 828,
832 (Tex. Crim. App. 2002). The test requires appellant to show that: (1) counsel’s
performance fell below an objective standard of reasonableness under prevailing norms;
and (2) there is a reasonable probability that, but for counsel’s deficient performance, the
result would have been different. Bone, 77 S.W.3d at 832. “This two pronged test is the
benchmark for judging whether counsel’s conduct so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having produced a reliable
result.” Stone v. State, 17 S.W.3d 348, 350 (Tex. App.–Corpus Christi 2000, pet. ref’d)
(citing McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)). 
A. Trial Counsel’s Performance
          Our first question is whether defense counsel’s performance fell below an objective
standard of reasonableness under prevailing norms. Bone, 77 S.W.3d at 832. In
answering this question, it is necessary to determine if the record is adequate to evaluate
counsel’s performance. See Stone, 17 S.W.3d at 350. It is rare for a reviewing court to
be provided with a record on direct appeal demonstrating the merits of a claim of
ineffective assistance of counsel. See Thompson v. State, 9 S.W.3d 808, 813-14 (Tex.
Crim. App. 1999). An adequate record is necessary to support such a claim because
without it, the court will presume that trial counsel’s performance was a part of trial
strategy, and typically, will not second-guess counsel’s trial strategy. See Young v. State,
991 S.W.2d 835, 837-38 (Tex. Crim. App. 1999).
          We find Stone analogous to the case at bar. Stone, 17 S.W.3d at 348. There,
Stone was accused of delivery of a controlled substance. Id. at 349. Trial counsel elicited
testimony from Stone regarding a prior murder conviction. Id. We held “no reasonably
competent attorney could have believed that introducing [the prior conviction] amounted
to sound trial strategy and [found], therefore, that Stone received ineffective assistance of
counsel.” Id. We noted that it is common practice for trial counsel to introduce a prior
conviction to the jury on the belief that if he does not bring it up first, the State will. Id. The
idea is that it will “pull the sting” of the impact of the prior conviction coming from the State. 
Id. However, in Stone, as in the instant case, the State could not have introduced the
evidence of the prior conviction, as it was inadmissible under the Texas Rules of Evidence. 
Id.; see Tex. R. Evid. 609(b).
          In the instant case, appellant was previously convicted on two unrelated charges of
indecency with a child and unauthorized use of a motor vehicle. Appellant’s trial counsel
introduced both convictions to the jury, despite the fact that more than ten years had
elapsed since the date of each conviction.


 First, during jury selection, trial counsel posed
questions to the panel of prospective jurors about any bias that could arise among jurors
upon learning that a defendant was previously convicted of a crime. Trial counsel then
openly discussed in detail appellant’s prior convictions during opening statements, even
though the State urged no such argument. After the door was opened by trial counsel, the
State, over no objection, presented evidence of the prior convictions. Finally, the
convictions were again discussed during closing arguments.
            In an affidavit attached to appellant’s motion for a new trial, trial counsel admitted
rendering ineffective assistance in representing appellant. He acknowledged that he
should have objected to the admission of evidence regarding the prior convictions and that
he should have moved to suppress appellant’s oral statements to the police investigator
regarding the convictions. See Ex parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App.
2001) (relying on counsel’s affidavit that he rendered ineffective assistance). We conclude
that the record is sufficient to support appellant’s claim of ineffective assistance of counsel.
          Texas Rule of Evidence 609(b) states that evidence of a prior conviction may not
be used for the purpose of attacking the credibility of a witness if more than ten years has
elapsed since the date of the conviction, unless the court determines, in the interest of
justice, that the probative value of the conviction, supported by specific facts and
circumstances, substantially outweighs its prejudicial effects. Tex. R. Evid. 609(b). In
balancing the probative value against the prejudicial effects of the evidence, the trial judge
weighs several factors. Theus v. State, 845 S.W.2d 874, 880-81 (Tex. Crim. App. 1992). 
One such factor is the similarity of the crime charged to the previous conviction sought to
be introduced. Id. at 881. If the two are similar, the similarity militates against admission
of the conviction because jurors might convict on the perception of a past pattern of
conduct, instead of on the facts of the case. Id. 
          In the instant case, not only did trial counsel fail to object to the introduction of the
prior convictions; he introduced such evidence to the jury. Therefore, the trial judge was
not required to rule on admissibility of the evidence. However, had the trial judge been
required to do so, we conclude that he would have deemed the convictions inadmissible. 
See Tex. R. Evid. 609(b). 
          First, both convictions occurred more than ten years ago. See id. Second, because
the previous conviction for indecency with a child is the same type of offense for which
appellant was tried, admission of the conviction was highly prejudicial. See Theus, 845
S.W.2d at 881. Thus, we conclude the prior convictions were inadmissible.
          Considering that the convictions were inadmissible under the Texas Rules of
Evidence, we can see no sound trial strategy in trial counsel introducing the prior
convictions to the jury. See Stone, 17 S.W.3d at 349. We hold that trial counsel’s
performance fell below an objective standard of reasonableness under prevailing
professional norms. See Bone, 77 S.W.3d at 832. 
B. Prejudicial Effects of Trial Counsel’s Performance
          Next, we must consider whether appellant has shown that, but for trial counsel’s
deficient performance, the result would have been different. See id. A “reasonable
probability is one sufficient to undermine confidence in the outcome.” Id. By introducing
appellant’s two previous convictions to the jury, trial counsel harmed appellant’s defense
in at least two ways: (1) he diminished the credibility of appellant’s testimony that he did
not act in the manner the State alleged; and (2) he encouraged the jury to convict because
of appellant’s past pattern of behavior and not based on the facts of the case.


  
          Appellant testified that he did not expose himself to anyone, and that he told the
police investigator that he was merely “scratching his balls.” The credibility that the jury
gave to this testimony was significantly undermined by the introduction of appellant’s prior
conviction for indecency with a child. Such circumstances reflect the reason the
evidentiary rule excluding admission of convictions older than ten years was created. See
Theus, 845 S.W.2d at 881. One should be tried only for the crime for which he is indicted,
and not for being a criminal generally. See Strickland, 466 U.S. at 687; Rosales v. State,
4 S.W.3d 228, 231 (Tex. Crim. App. 1999).
          It is reasonable to conclude that trial counsel’s error undermined confidence in the
outcome. See Bone, 77 S.W.3d at 832. Thus, we hold that, but for trial counsel’s error,
the result of the proceeding would have been different. See id. 
          Accordingly, we find appellant received ineffective assistance of counsel and
reverse and remand this cause to the trial court.
 
                                                                                                                                                                                LINDA REYNA YAÑEZ
                                                                            Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
26th day of August, 2004.