Affirmed and Memorandum Opinion filed June 29, 2006









Affirmed and Memorandum Opinion filed June 29, 2006.

 

 

                        

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00385-CR

____________

 

RUDY ANTONIO BARRIOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 351st District Court 

Harris County, Texas

Trial Court Cause No. 971,524

 

 

 

M E M O R
A N D U M   O P I N I O N

            Appellant
Rudy Antonio Barrios was convicted of murder and sentenced to twenty-three
years’ confinement.  In two issues, appellant claims that the trial court erred
in denying his request for a defense-of-third-person instruction and that he
received ineffective assistance of counsel.  We affirm.

Factual and Procedural Background

            On December
15, 2003, Juan Arriaga, the victim, lived in a Houston apartment with brothers
Gerardo and Luis Garcia.  The men were apparently involved in a smuggling 








scheme involving illegal
immigrants, and four immigrants were also staying in the apartment.  Among
these immigrants were appellant’s cousin and his cousin’s wife, Glenda Reyes. 
A couple of days after Reyes and her husband arrived in Houston, appellant
drove from Austin to retrieve them for a $3,200 fee.  Although accounts vary of
the events following appellant’s arrival, it is undisputed that he shot and killed
Arriaga before leaving with his relatives.  He was later apprehended and made a
videotaped statement for detectives.

            At trial,
Reyes testified that while she stayed in the apartment, the Garcia brothers and
Arriaga made unwelcome sexual advances toward her and wanted to rape her.  When
appellant arrived, she complained to him about this behavior, and appellant
argued with Arriaga about Reyes’s treatment.  After initially agreeing to pay
Arriaga, appellant used the restroom, briefly went outside, and then returned
and told Arriaga he would not pay because of Reyes’s treatment.  Arriaga said
he could not take his relatives without paying.  They continued to argue, and
Arriaga “got upset” and approached appellant, who was standing by Reyes. 
Appellant pulled out his gun and shot Arriaga.

            The State
admitted appellant’s videotaped statement.  In his statement, appellant said
that when he arrived at the apartment, Reyes told him Arriaga had “wanted to
lie with [her] by force.”  This “bothered” appellant, so he went outside to his
car and retrieved his gun.  He claimed he then paid Arriaga $3,200 and argued
with him about Reyes’s treatment.  When appellant said he and his relatives
were leaving, Arriago refused to let them take Reyes’s belongings.  Appellant
then took out his gun.  Arriaga approached him and struggled for the gun, which
fired and killed Arriaga.  However, detectives told appellant they had
interviewed his cousin, who said appellant shot Arriaga because he could not
pay for Reyes and him.  Appellant then admitted he shot Arriaga because he
“didn’t have the money and [he] knew they were going to send them back.” 
Appellant explained that “[he] told [Arriaga] that [he] was going to take them
and [Arriaga] said no.”  Consequently, appellant took out his gun, and Arriaga
got “closer and closer,” so appellant shot him.

            At the charge
conference, appellant requested a jury instruction on defense of a third
person, which the trial court denied.[1] 
Appellant timely objected to the denial of his request.  The jury convicted
appellant, and this appeal followed.

Analysis

A.  Jury
Instruction on Defense of a Third Person

            In his first
issue, appellant claims the trial court erred in denying his request for a jury
instruction on defense of a third person.  “A defendant is entitled to an
affirmative defensive instruction on every issue raised by the evidence
regardless of whether it is strong, feeble, unimpeached, or contradicted . . .
.”  Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997).  The
defendant’s testimony alone may be sufficient to raise a defensive theory
requiring an instruction.  Id.  When a defendant uses deadly force and
claims defense of a third person, he must show (1) under the circumstances as
he reasonably believed them to be, the third person would be justified in using
deadly force to protect himself and (2) the defendant reasonably believed that
his intervention was immediately necessary to protect the third person.  Tex. Penal Code Ann. § 9.33 (Vernon
2003).

            Appellant
argues he was entitled to a defense-of-third-person instruction because he
argued with Arriaga about the men’s behavior toward Reyes, Arriaga refused to
let him take his relatives, and Reyes was standing by him when he shot
Arriaga.  We disagree.  The evidence does not show that immediate intervention
was necessary.  The behavior about which Reyes complained occurred before
appellant arrived.  Regardless of his earlier behavior toward Reyes, Arriago
was unarmed when appellant shot him and was not threatening to use deadly force
to kidnap or sexually assault Reyes.  Moreover, although Reyes was standing by
appellant when he shot Arriaga, Arriaga was arguing with appellant, not
threatening Reyes.  Thus, appellant’s use of deadly force to defend Reyes
against Arriaga was unjustified.  See id. § 9.32(a)(3) (Vernon 2003). 
Rather, the evidence shows Arriaga told appellant he could not take Reyes and
her husband without paying, and appellant feared they would be taken back
across the border.  This evidence does not raise a defense-of-third-person
issue.  We overrule appellant’s first issue.

            B. 
Ineffective Assistance of Counsel

            In his second
issue, appellant claims he received ineffective assistance of counsel. 
Specifically, he argues that counsel should have requested a mitigation
instruction on sudden passion during the punishment phase of trial. 
Ineffective assistance claims are governed by the two-pronged test announced in
Strickland v. Washington, 466 U.S. 668 (1984).  To prove ineffective
assistance, appellant must show (1) that counsel’s representation was
deficient, falling below the standard of prevailing professional norms, and (2)
a reasonable probability that the result of the proceeding would have been
different but for trial counsel’s deficient performance.  Id. at 687–96;
 Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  There is a
strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance.  Salinas, 163 S.W.3d at 740.  To
defeat this presumption, “‘any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.’”  Thompson v. State, 9 S.W.3d 808, 814 (Tex.
Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996)).

            Appellant
argues the record contains “plenty of evidence” to support a jury instruction
on sudden passion.  “‘Sudden passion’ means passion directly caused by and
arising out of provocation by the individual killed . . . [that] arises at the
time of the offense and is not solely the result of former provocation.”  Tex. Penal Code. Ann. § 19.02(a)(2)
(Vernon 2003).  Before a defendant is entitled to a sudden passion instruction,
he must prove adequate cause for his passion.  See McKinney v. State,
179 S.W.3d 565, 569 (Tex. Crim. App. 2005).  Adequate cause is that which
“would commonly produce a degree of anger, rage, resentment, or terror in a
person of ordinary temper, sufficient to render the mind incapable of cool
reflection.”  Tex. Penal Code. Ann. §
19.02(a)(1).  In the punishment phase of trial, “a sudden passion charge should
be given if there is some evidence to support it, even if that evidence is
weak, impeached, contradicted, or unbelievable.”  Trevino v. State, 100
S.W.3d 232, 238 (Tex. Crim. App. 2003).  However, the evidence “cannot
be so weak, contested, or incredible that it could not support such a finding
by a rational jury.”  McKinney, 179 S.W.3d at 569 (citing Trevino,
100 S.W.3d at 238).

            In this case,
appellant points to evidence that after hearing Reyes’s story, he got his gun
“in less than 5 minutes” and shot Arriago as they argued.  However, Reyes’s and
appellant’s testimony established that after appellant learned of Reyes’s
treatment, he used the restroom and retrieved the gun from his car before
returning to argue with Arriaga.  This indicates he had time to deliberate his
actions and was not acting under the influence of sudden passion.  See id. at
570 (finding no sudden passion where the “[a]ppellant’s testimony indicates
that he had time to deliberate over his actions”).  Appellant also notes that
he told detectives, “I did things yesterday that, that—I don’t know—it was
crazy, I don’t know, I got mad, I wasn’t thinking.”  These statements fail to
show his mind was incapable of cool reflection.  See id. (rejecting
sudden passion claim when victim only yelled at the appellant and pushed him,
as those actions were insufficient to render the appellant’s mind incapable of
cool reflection).  Further, the treatment about which Reyes complained occurred
before appellant arrived and thus constitutes former provocation.  See Tex. Penal Code Ann. § 19.01(a)(2)
(prohibiting former provocation as sole justification for sudden passion). 
Finally, appellant admitted to detectives the reason he shot Arriaga was that
he could not pay for his relatives and did not want them sent back across the
border.  In sum, the evidence does not support a sudden passion instruction,
and we cannot conclude that counsel was ineffective for failing to request it. 
See Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (finding
no error in counsel’s failure to request defensive instruction to which the
appellant was not entitled).  Accordingly, we overrule appellant’s second
issue.

            

            We affirm the
trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Leslie
Brock Yates

                                                                                    Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed June 29, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1] 
In denying appellant’s motion, the trial court explained that “the actions of
the defendant to leave the apartment, to retrieve the gun, to return and then
to use the gun in the fashion that he described in the testimony, both in his
statement and the testimony of the witness, I believe precludes his use of
self-defense under the statute.”