COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SELMA TELLES ESPINOZA, | § | No. 08-07-00358-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number Four |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20070C08404) |
| | § | |

**O P I N I O N**

Selma Espinoza was convicted by a jury of assault causes bodily injury family violence, on December 14, 2007.  She  was sentenced to 365 days in county jail, but was placed on community supervision for a period of twelve months, and the fine of $4,000 dollars imposed against her was probated.  Appellant timely filed a pro se notice of appeal and a pauper's oath on December 18, 2007.  On January 8, 2008, Carlos Spector (Spector) was appointed to represent Appellant on appeal.  On January 24, 2008, Spector requested the record be prepared for Appellant.  The trial court's certification of the right to appeal was filed on February 1, 2008. Appellant raises three issues on appeal relating to ineffective assistance of counsel.

The appeal arises out the alleged abandonment by Luis Labrado, who was Appellant's counsel at trial.  Appellant claims that Labrado did not admonish his client of her appellate rights, perfect the appeal, prepare a docketing statement, or request the record, and that he withdrew as counsel prior to notifying the court or receiving his client's consent.  Appellant argues that the trial court erred in permitting the withdrawal of Labrado.  Appellant also argues that the acts of Labrado amount to ineffective assistance of counsel.

To establish ineffective assistance of counsel the defendant has the burden to prove, by a preponderance of the evidence, the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *Young v. State*, 991 S.W.2d 835, 837 (Tex.Crim.App. 1999); *Bradley v. State*, 960 S.W.2d 791, 803-04 (Tex.App.–El Paso1997, pet. ref'd). Specifically, appellant must demonstrate that: (1) trial counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 109-10 (Tex.Crim.App. 2003); *Bradley*, 960 S.W.2d at 803-04.

Ineffective assistance of counsel cannot be established by isolating or separating out one portion of the trial counsel's performance for examination. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In that regard, this Court, on review, will not engage in hindsighted comparisons of how other counsel, in particular, appellate counsel, might have tried the case. *See Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App. 1986). Rather, we must look at the totality of the representation. *Id*.

Appellant has failed to show through the record that she was never admonished of her appellate rights. Also, there is nothing in the record to support Appellant's claim that she was abandoned. We will not assume that because Appellant filed a pro se notice of appeal she was abandoned. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002). In most instances, the record on direct appeal is undeveloped and cannot adequately reflect the failings of trial counsel, which is the case in this appeal. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999).

Even if Appellant was able to prove that Labrado failed to inform her of her appellate rights and abandoned her after trial, Appellant has not been harmed in any way that is discernable from the record. The second prong of *Strickland* requires a showing, by a preponderance of the evidence, that the error or omission did change the outcome of the case. *Rylander*, 101 S.W.3d at 109-10. As the State points out, Appellant gave her notice of appeal four days after sentencing. The reporter's record, clerk's record, and her appellate brief were all timely filed with this Court. Appellant was also represented by appellate counsel shortly after she filed her pro se notice of appeal and pauper's oath. Based on the record and the very fact that Appellant is on appeal before this Court is evidence that she was not harmed by any alleged act or omission of her trial counsel.

The second prong of *Strickland* has not been satisfied. Appellant has failed to show how she was harmed by the errors she complains of. Moreover, there is nothing in the record to support any claim of ineffective counsel. Accordingly, we overrule all three of Appellant's issues and affirm the judgment of the trial court.

DAVID WELLINGTON CHEW, Chief Justice

April 2, 2009

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)