COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



SELMA TELLES ESPINOZA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00358-CR



Appeal from the


County Court at Law Number Four


of El Paso County, Texas


(TC#20070C08404)


O P I N I O N


 Selma Espinoza was convicted by a jury of assault causes bodily injury family violence, 
on December 14, 2007. She was sentenced to 365 days in county jail, but was placed on
community supervision for a period of twelve months, and the fine of $4,000 dollars imposed
against her was probated. Appellant timely filed a pro se notice of appeal and a pauper's oath on
December 18, 2007. On January 8, 2008, Carlos Spector (Spector) was appointed to represent
Appellant on appeal. On January 24, 2008, Spector requested the record be prepared for
Appellant. The trial court's certification of the right to appeal was filed on February 1, 2008. 
Appellant raises three issues on appeal relating to ineffective assistance of counsel.

 The appeal arises out the alleged abandonment by Luis Labrado, who was Appellant's
counsel at trial. Appellant claims that Labrado did not admonish his client of her appellate
rights, perfect the appeal, prepare a docketing statement, or request the record, and that he
withdrew as counsel prior to notifying the court or receiving his client's consent. Appellant
argues that the trial court erred in permitting the withdrawal of Labrado. Appellant also argues
that the acts of Labrado amount to ineffective assistance of counsel.

 To establish ineffective assistance of counsel the defendant has the burden to prove, by a
preponderance of the evidence, the two-prong test established in Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052 (1984). Young v. State, 991 S.W.2d 835, 837 (Tex.Crim.App. 1999);
Bradley v. State, 960 S.W.2d 791, 803-04 (Tex.App.-El Paso1997, pet. ref'd). Specifically,
appellant must demonstrate that: (1) trial counsel's performance was deficient because it fell
below an objective standard of reasonableness; and (2) a probability sufficient to undermine
confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. Rylander v. State, 101 S.W.3d 107, 109-10
(Tex.Crim.App. 2003); Bradley, 960 S.W.2d at 803-04.

 Ineffective assistance of counsel cannot be established by isolating or separating out one
portion of the trial counsel's performance for examination. Bridge v. State, 726 S.W.2d 558, 571
(Tex.Crim.App. 1986). In that regard, this Court, on review, will not engage in hindsighted
comparisons of how other counsel, in particular, appellate counsel, might have tried the case. 
See Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.Crim.App. 1986). Rather, we must look at the
totality of the representation. Id.

 Appellant has failed to show through the record that she was never admonished of her
appellate rights. Also, there is nothing in the record to support Appellant's claim that she was
abandoned. We will not assume that because Appellant filed a pro se notice of appeal she was
abandoned. Bone v. State, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002). In most instances, the
record on direct appeal is undeveloped and cannot adequately reflect the failings of trial counsel,
which is the case in this appeal. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App.
1999).

 Even if Appellant was able to prove that Labrado failed to inform her of her appellate
rights and abandoned her after trial, Appellant has not been harmed in any way that is discernable
from the record. The second prong of Strickland requires a showing, by a preponderance of the
evidence, that the error or omission did change the outcome of the case. Rylander, 101 S.W.3d
at 109-10. As the State points out, Appellant gave her notice of appeal four days after
sentencing. The reporter's record, clerk's record, and her appellate brief were all timely filed
with this Court. Appellant was also represented by appellate counsel shortly after she filed her
pro se notice of appeal and pauper's oath. Based on the record and the very fact that Appellant is
on appeal before this Court is evidence that she was not harmed by any alleged act or omission of
her trial counsel.

 The second prong of Strickland has not been satisfied. Appellant has failed to show how
she was harmed by the errors she complains of. Moreover, there is nothing in the record to
support any claim of ineffective counsel. Accordingly, we overrule all three of Appellant's
issues and affirm the judgment of the trial court.


 DAVID WELLINGTON CHEW, Chief Justice

April 2, 2009


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating


(Do Not Publish)