

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0227-16

### CESAR ALEJANDRO GAMINO, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**KEASLER, J., filed a dissenting opinion in which HERVEY, J., joined.**

## DISSENTING OPINION

Whatever else may be expected of a defendant in asking for a self-defense instruction,

the defensive evidence must at least posit some criminal act requiring "justification."[1] Today

the Court does not explicitly say that "confession and avoidance" no longer applies to self-

---

[1] *See* TEX. PENAL CODE § 9.02 (styled "Justification as a Defense"); *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007) ("[A] defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state[.]") (emphasis in original); *cf. Young v. State*, 991 S.W.2d 835, 836 (Tex. Crim. App. 1999) ("To raise necessity, Appellant must admit he committed the offense and then offer necessity as a justification.").

defense.   But its acceptance of Cesar Gamino's defensive evidence as adequately confessionary in this context—because, according to the Court, a criminal act may be "implied" from his version of events[2]—amounts to the same thing.

A defendant is entitled to a self-defense instruction only "when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct."[3]  I agree that the evidence can be weak, contradicted, or not credible, and yet still provide a sufficient evidentiary basis to support an instruction on self-defense.[4]  But if, even when taken at face-value and viewed in the light most favorable to the defendant, the evidence does not comport with a theory of self-defense, the defendant is not entitled to such an instruction.[5]

In this case, Gamino testified: "I grabbed my weapon, I threw my left hand, I said, Stop, leave us alone, get away from us."  Taken at his word, and even viewed in the light most favorable to the defense, Gamino did not admit to any behavior that could reasonably be regarded as a threat to inflict imminent bodily injury.  Indeed, according to Gamino's version of events, he did not threaten the complainant at all.  While he admitted to retrieving

---

[2]  Majority Opinion at 8.

[3]  *Shaw*, 243 S.W.3d at 659 (emphasis omitted).

[4]  *Id.* at 658; *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).

[5]  *Ferrel*, 55 S.W.3d at 591.

a firearm, he did not offer any additional circumstances that would escalate the mere possession of a deadly weapon into an actual, rather than theoretical, threat.[6] To the contrary, Gamino's testimony, if believed, would suggest that his actions were a proactive attempt to prevent any future violence.

The Court nevertheless "infer[s]" a threat in Gamino's self-admitted conduct,[7] even though the trial court—which had the advantage of witnessing Gamino's tone, demeanor, and courtroom demonstration—did not. I believe this kind of additive inference to be both unwarranted on these facts and inappropriate in general. Working from a cold record, an appellate court may make any number of inferences from the defensive evidence about the unspoken, but "implied," character of a defendant's admission that are simply inaccurate. Suppose a defendant testifies at trial that "I wasn't there and it wasn't me." Most would concede this is a defensive posture inconsistent with a self-defense instruction. Inferring from this testimony the implied addendum "but if I was there and I did do it, I was only defending myself," would no doubt constitute an unwarranted appellate addition to the defensive evidence. Yet this is exactly the kind of additive liberty-taking the Court engages in with respect to Gamino's testimony. If admission of non-criminal conduct—subject to an

---

[6] *See, e.g.*, *Tidwell v. State*, 187 S.W.3d 771, 775 (Tex. App.—Texarkana 2006, pet. dism'd) (stating that "proper circumstances" may render the "mere presence of a deadly weapon" into an attempt to "instill fear and threaten a person with bodily injury"); *Sosa v. State*, 177 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("Sosa's display of a deadly weapon while demanding money constitutes a threat of . . . imminent harm.").

[7] Majority Opinion at 8.

appellate court's inclination to make further unspoken "infer[ences]" therefrom—constitutes a confession in the context of "confession and avoidance," that doctrine no longer poses any meaningful restriction to the giving of a self-defense instruction. Cautious trial judges should prepare their charges accordingly.

The admonition that even "weak" or "contradicted" evidence may form the basis of a self-defense instruction does not mean that a trial court must parse the defensive evidence to determine whether a complete confession may be "infer[red]" or "implied."[8] It simply means that the court should take all of the defensive evidence as credible and determine, on that assumption, whether a crime was admitted that was nevertheless justified.[9] If not, the court may rightly conclude that defendant is not asking for an acquittal on the grounds that his otherwise-criminal conduct was justified—he is asking for acquittal because the State cannot prove that any penal-code violation occurred that would require justification.[10] I do not think that the trial court was out of line to determine that, all things considered, Gamino was not admitting to a justified aggravated assault.[11] He was admitting to conduct that was

---

[8] *Id.* at 4, 8.

[9] *Shaw*, 243 S.W.3d at 657-58.

[10] *See Ex parte Nailor*, 149 S.W.3d 125, 132-33 (Tex. Crim. App. 2004) ("Appellant did not, at least overtly, rely on the law of self-defense; he testified to the lack of a culpable mens rea . . . . Therefore, appellant's defense was more in the nature of a denial of . . . the State's alleged elements, rather than an admission of those elements with a legal justification for them.").

[11] *Shaw*, 243 S.W.3d at 657-58 ("In determining whether a defense is . . . supported, a court must rely on its own judgment, formed in the light of its own common

altogether non-assaultive. As we said in *Ex parte Nailor*, when the defendant argues "that he did not have the requisite intent and he did not perform the actions the State alleged," he will not be "entitled to an instruction on self-defense."[12]

I generally agree with the Court that it is not a trial court's "prerogative to preempt the issue" of self-defense merely because "it thought [the defendant's] version was weak, contradicted, or not credible."[13] But I also believe it is the trial court's prerogative to keep unnecessary instructions from cluttering its charge and potentially confusing the jury.[14] I would reverse the court of appeals and reinstate the trial court's judgment and sentence. Because the Court does not, I respectfully dissent.

Filed: September 27, 2017

Publish

---

sense and experience, as to the limits of rational inference from the facts proven.").

[12] *Nailor*, 149 S.W.3d at 134 (internal quotation marks omitted) (citing *Young*, 991 S.W.2d at 839).

[13] Majority Opinion at 10 (quoting *Gamino v. State*, 480 S.W.3d 80, 92 (Tex. App.—Fort Worth 2015)).

[14] *Shaw*, 243 S.W.3d at 658 ("If a jury were instructed as to a defense even though the evidence did not rationally support it, then the instruction would [invite] the jury to return a verdict based on speculation.").