Opinion issued October 7, 2004




     







In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00204-CR




WILLIE JOE McADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 967,450




MEMORANDUM OPINION

          Appellant, Willie Joe McAdams, pleaded not guilty to the offense of
aggravated assault and pleaded true to two paragraphs alleged as enhancements. The
jury found appellant guilty and assessed his punishment at 40 years in prison. In his
sole point of error, appellant contends that his trial counsel was ineffective because
(1) she did not request that the jury charge include an instruction on self-defense or
object to lack of the instruction, and (2) she did not object when, in response to a
question by the prosecutor about post-arrest statements by appellant, the arresting
officer testified that appellant said that his lawyer would “get [him] off.” We affirm.
Background
          Appellant was in his late 20’s and worked as a “rap” entertainer and music
promoter. After concluding a performance with another entertainer elsewhere,
appellant went to the club


 to pass out flyers, to promote and sell CD’s of his own
music, and to gamble. He arrived at about 2:30 a.m and began shooting dice with a
group of about a dozen participants. 
          Complainant, who was in his mid-40’s, stopped by the club at about 6:30 a.m. 
He was on his way to the car dealership where he worked and hoped to encounter a
known customer of the club who owed money on his car note. Complainant saw
appellant with a group in a corner who were shooting dice, approached the group, and
placed a bet. Complainant offered to lend appellant money to place a bet, but
someone cautioned him not to because appellant was upset about having already lost
all his money. Angered by complainant’s offer, appellant became confrontational and
aggressive toward him and several others. Appellant approached complainant and 
said, “[O]ld school,


 I will rob you.” Appellant then stormed out of the club, and
complainant dismissed the threats. But Alfred Robertson, one of the co-owners of the
club, became concerned enough to tell someone to lock the door of the club. The
door was left unlocked, however, after someone left the club. 
          Complainant was seated in a chair with his back to the door when appellant
returned and entered the club. As he strode toward complainant, appellant reached
into the waist of his trousers and pulled out a gun. He caught complainant off guard
and grabbed him from behind. As the two men struggled, appellant got complainant
into a headlock and managed to pull him down, along with the chair on which he had
been sitting. Complainant ended up on his back on the floor, with appellant leaning
over him and pointing the gun at complainant’s face. With the gun just a few inches
from complainant’s face, appellant said to him, “Old school, I told you, I’ll take your
money.” Convinced that appellant would kill or rob him, complainant threw the
money to the side, saying, “Take the money, here it is,” and, “What, you going to kill
me for this money?” At that point, appellant shot complainant. The bullet entered
complainant’s skull above his left eyebrow, entered and exited his left eyeball, hit and
shattered his cheekbone, but then ricocheted off the floor and finally lodged in Alfred
Robertson’s right thigh. 
          Appellant left the club with the gun still in his hand. He did not take
complainant’s money, which remained on the floor. He did, however, apologize to
Robertson and told Robertson that the shooting was an accident. Robertson, who was
acquainted with both complainant and appellant, denied that he had ever seen
complainant with a gun in his possession. Complainant described appellant’s gun as
a nine-millimeter semiautomatic that “[l]ooked like it was black.” Despite several
reconstructive surgeries, complainant lost the vision in his left eye. 
          About five weeks after complainant was shot, appellant was arrested for the
aggravated assault, pursuant to an arrest warrant. Police recovered a loaded nine-millimeter semiautomatic pistol from the automobile appellant was driving when he
was arrested. While appellant was in the peace officer’s patrol car, he asked the
peace officer why he was under arrest, and the officer explained that there was an
aggravated assault warrant for his arrest. Appellant then told the officer, “My lawyer
will get me off.” Ineffective Assistance of Counsel
          To prevail on a claim of ineffective assistance of counsel, appellant must
demonstrate that (1) counsel’s representation fell below an objective standard of
reasonableness based on prevailing professional norms, and that (2) but for counsel’s
errors, there is a reasonable probability the result of the proceeding would have been
different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052,
2064-65, 2068 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
A “reasonable probability” is one that is “sufficient to undermine confidence in the
outcome.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2094; Bone, 77 S.W.3d at 833. 
Appellant must satisfy both prongs of the Strickland test to prevail on his claim of
ineffective assistance. See Bone, 77 S.W.3d at 833; Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). In determining whether the Strickland test has
been met, we focus on the totality of the representation afforded and not on
individual, alleged errors. See Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990). 
          Appellant must also overcome the strong presumption that trial counsel’s
performance fell within the range of reasonable professional assistance. See
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Bone, 77 S.W.3d at 833. Appellant
bears the burden to prove ineffective assistance of counsel. See Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). Appellant must overcome the presumption that the
challenged action might be considered sound trial strategy under the circumstances. 
See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Gamble, 916 S.W.2d at 93.
          Any allegation of ineffectiveness “must be firmly founded in the record.” 
Thompson, 9 S.W.3d at 813. On direct appeal, as here, the trial record will rarely
contain sufficient information to permit us to evaluate a serious claim of
ineffectiveness because the record is “‘undeveloped and cannot adequately reflect the
failings of trial counsel.’” See Bone, 77 S.W.3d at 833 (quoting Thompson, 9 S.W.3d
at 813-14). When the record is silent, this Court will not speculate about why trial
counsel made a particular decision. Safari v. State, 961 S.W.2d 437, 445 (Tex.
App.—Houston [1st Dist.] 1997, pet ref’d, untimely filed); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
Omission of Self-Defense Instruction in Jury Charge
          Appellant contends that his trial counsel was ineffective because she neither
requested an instruction on the law of self-defense nor objected to the lack of an
instruction. 
          Appellant was convicted of knowingly or intentionally causing bodily injury
to complainant by using a firearm. See Tex. Pen. Code Ann. § 22.02 (Vernon 2003). 
A firearm is a deadly weapon per se. See Lafleur v. State, 106 S.W.3d 91, 99 (Tex.
Crim. App. 2003). Chapter nine of the Penal Code encompasses justification
defenses that exclude criminal responsibility. See Young v. State, 991 S.W.2d 835,
838 (Tex. Crim. App. 1999). Pursuant to sections 9.31(a) and 9.32 of the Penal Code,
a defendant is entitled to a jury charge that includes an instruction on the justification
defense of self-defense with deadly force if a person is justified in using force against
another when and to the degree that he reasonably believes that the deadly force is
immediately necessary to protect himself against the other’s use or attempted use of
unlawful deadly force and if a reasonable person in the actor’s situation would not
have retreated. See Tex. Pen. Code Ann. §§ 9.31(a), 9.32 (Vernon 2003).
          Appellant contends that his version of the incident entitled him to a self-defense charge. According to appellant, complainant was the aggressor. Appellant
claimed that complainant had been gambling, rolling dice, and winning, during the
entire time that appellant spent at the club. Appellant joined complainant’s game at
about 5:30 a.m., placed several bets, but lost $500. He became frustrated, felt he had
been cheated, examined the dice, and claimed that they were “loaded.” When
appellant confronted complainant and asked to use fresh dice to win back what he had
lost, complainant refused. A heated discussion and struggle followed. 
          Appellant claimed that, during the struggle, complainant pulled out a gun and
aimed it at appellant. The two men were within arms’ reach of each other on opposite
sides of a table, and complainant had been drinking. Appellant claimed that he
backed away when he saw the gun and put his hands in the air, fearing that
complainant would shoot him and that, when complainant looked away briefly,
appellant rushed at him to knock him down and to knock the gun out of his hand. 
Appellant rushed at complainant, and both men fell on the floor while wrestling for
the gun. As they struggled, “the gun went off.” On realizing that he had not been
shot, appellant immediately left the club and left complainant’s money on the floor. 
Appellant denied knowing that either complainant or Robertson had been shot and
claimed that the gun went off by accident. He also stated that his own fingers never
touched the trigger of the gun, and denied intentionally or knowingly shooting
complainant. 
          Even if appellant’s testimony could have supported a self-defense charge, his
testimony also supported his claimed defense theory at trial—that the injury to
complainant was an accident and not based on any criminal intent to commit the
offense of aggravated assault. Appellant’s trial attorney could reasonably have
believed that proceeding solely with a defense of accident was a better strategy than
asserting both accident and self-defense, which the jury could have perceived as
inconsistent. Cf. Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992)
(concluding that record sufficiently raised defense of necessity and that trial counsel
had no possible reason for not requesting instruction on necessity defense). As the
record reflects, appellant’s trial counsel argued, during her closing argument, that
appellant lacked the requisite criminal intent to commit the offense of aggravated
assault, which requires that the State prove that appellant knowingly or intentionally
caused bodily injury to complainant by using a firearm. See Tex. Pen. Code Ann.
§ 22.02 (Vernon 2003). 
          Although the record shows that trial counsel relied on a defense of accident or
lack of criminal intent, the record does not show or suggest why appellant’s trial
counsel chose that strategy and did not request the self-defense charge or object to its
omission. Appellant did not file a motion for new trial to assert his claim of
ineffective counsel, and nothing in the record suggests or attempts to explain the
reasons for trial counsel’s conduct. To find trial counsel ineffective under these
circumstances would require us to speculate, which we decline to do. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93;
see also Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d) (holding that trial counsel was not ineffective when record was silent
as to trial counsel’s reasons for declining to request instruction on concurrent
causation). We conclude that appellant has failed to establish that trial counsel was
ineffective by failing to object to the jury charge because it did not contain a self-defense instruction or by failing to request the charge. 
Failure to Object to Appellant’s Postarrest Statements
          Appellant contends that his trial counsel was ineffective because she did not
object, during the guilt-innocence phase of appellant’s trial, to testimony by the
arresting officer that described appellant’s postarrest statements. Appellant contends
that the testimony was “inadmissible and prejudicial.” See Tex. R. Evid. 403
(“Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by considerations of undue delay, or needless presentation of cumulative
evidence”).
          After the arresting officer described the firearm recovered from appellant’s car,
the prosecutor asked whether appellant made “any statements” to the officer. The
trial court sustained appellant’s trial counsel’s objection.


 The prosecutor then asked 
whether appellant made any statements to the officer “that were not in response to any
sort of questioning or interrogation” by the officer, whereupon the following
exchange occurred: 
          OFFICER:                       When he was in the backseat, he asked me what he
was under arrest for, at which time I explained to
him that he had an aggravated assault warrant out
for his arrest, at which time he acted like it was no
big deal and he said his lawyer—
 
          TRIAL COUNSEL:        Objection to the characterization of how he acted.
 
          PROSECUTOR:              It’s officer’s observations, Judge.

          THE COURT:                 All right. Overruled.
. . . . Go ahead and continue Officer . . . . Well, finish your statement.
 
          OFFICER:                       He appeared like it was no big deal, like he had done
it before.
 
          TRIAL COUNSEL:        Objection, Your Honor.
 
          THE COURT:                 Sustained.
 
          PROSECUTOR:              What statement did he make to you in relation to the
charge?
 
          OFFICER:                       He said, [‘]My lawyer will get me off.[’]

          The record thus reflects that the trial court did not permit the officer to describe
appellant’s statements until it was established that the statement was not in response
to interrogation by the officer and that the officer did not attribute other bad acts or
character traits to appellant based on his statements to the officer, but did permit the
officer to state what appellant said to the officer after he answered appellant’s
question about the charges against him. 
          The State refutes appellant’s contention that the officer’s statement was
inadmissible, prejudicial, and therefore objectionable, by pointing out that, because 
appellant did not file a motion for new trial, nothing in the record substantiates why
appellant’s trial counsel did not object to the evidence. Therefore, the State contends,
appellant has not rebutted the presumption that trial counsel’s strategy in not
objecting was sound. See Thompson, 9 S.W.3d at 813. We agree. 
          One possible interpretation of appellant’s statement is that his attorney would
get him off because appellant was not guilty of the offense. An alternative
interpretation, among others, is that appellant’s attorney would get him off despite his
guilt. But here again, the record does not reflect why appellant’s trial counsel did not
object to the officer’s reiterating appellant’s statement. Appellant did not file a
motion for a new trial to assert his claim of ineffective counsel, and nothing in the
record suggests or attempts to explain the reasons for trial counsel’s conduct. 
Accordingly, to find trial counsel ineffective under these circumstances, we would
have to speculate, which we again decline to do. See Jackson, 877 S.W.2d at 771;
Gamble, 916 S.W.2d at 93; see also Henderson, 29 S.W.3d at 624. Moreover,
appellant has not established that, but for the actions by trial counsel, the results of
the proceedings would have been different.
           We conclude that appellant has not shown that his trial counsel was ineffective
and therefore hold that appellant has neither satisfied the first prong of the Strickland
test for either of his contentions nor overcome the strong presumption that his trial
counsel’s performance fell within the wide range of reasonably professional
assistance. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d
at 813; Safari, 961 S.W.2d at 445; Gamble, 916 S.W.2d at 93. 
          We overrule appellant’s sole point of error.
Conclusion
We affirm the judgment of the trial court.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).