Opinion issued May 12, 2005

     








In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00200-CR




ERIC ANDREW WILEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 948528




MEMORANDUM OPINION

          Appellant, Eric Andrew Wiley, was found guilty by a jury of possession with
intent to deliver cocaine weighing over four grams and less than 200 grams. After
finding one enhancement paragraph true, the jury assessed appellant’s punishment at
70 years’ confinement and a $10,000 fine. In his sole point of error, appellant
contends that (1) the prosecutor’s closing argument was improper at the punishment
phase of the trial and (2) his trial counsel was ineffective at the punishment phase of
the trial. We affirm.
Background
          One night in May 2003, Officers Jones and Morrison of the Harris County
Sheriff’s Department were providing security for an apartment complex. When
Officer Jones drove down a street near the apartment complex, he saw appellant run
a stop sign. Although Officer Jones turned on his lights to stop appellant for the
traffic violation, appellant did not stop. Rather, appellant turned into the apartment
complex. Officer Jones activated his siren, but appellant still did not stop his car. 
Eventually appellant stopped his car, got out, made eye contact with Officer Jones,
and then put a clear plastic bag into the driver’s side door before closing the door and
running away. Officer Jones yelled for appellant to stop. Appellant did not stop. 
Officer Jones chased appellant, caught up to him, and grabbed him, attempting to gain
control of him. Officer Morrison came upon Officer Jones and appellant. Officer
Morrison helped Officer Jones wrestle appellant to the ground and handcuff him. 
After the officers brought appellant back to his car, Officer Jones opened the door and
removed the plastic bag. A chemist later identified the powder inside the bag as 7.66
grams of crack cocaine. 
          Appellant was arrested, charged, and convicted. Appellant filed a motion for
new trial arguing that the jury used improper methods to decide punishment. The
motion for new trial was denied. This appeal followed.
Discussion
          Improper Jury Argument
          In his sole point of error, appellant argues that the prosecutor’s closing
argument during the punishment phase of the trial was improper because the
prosecutor stressed that the jury should consider the effect of parole law on
sentencing. Appellant contends that the prosecutor’s “argument clearly suggests that
the jury should assess a longer sentence in anticipation of early parole.” Appellant
argues that the prosecutor’s closing argument resulted “in incurable and egregious
harm to appellant violating his due process rights.”
          Specifically, appellant complains about the following statements. The
prosecutor stated that the jury charge 
talks about parole laws. You can certainly consider [parole law]. It
talks about the possible length of time for which the defendant will be
imprisoned might be reduced by the award of parole. 

The prosecutor then discussed the judgment and sentence that was admitted into
evidence for appellant’s prior conviction for delivering over 400 grams of cocaine. 
The prosecutor stated that appellant was convicted in August of 1995 and received
a 20-year sentence and a $10,000 fine. The prosecutor told the jury that 
[Appellant] has been – you’ve just convicted him of possession of
cocaine, 4 to 200 grams, with the intent to deliver. The offense was
committed on May 12th, 2003. I think that’s about in the eight-year
difference so he got 20 years, he’s back again committing another
offense, out dealing drugs again – I think that’s a reasonable inference
– eight years later. This is the time we actually caught him. Who knows
what’s been going on?

The prosecutor later requested a sentence of not less than 20 years’ confinement in
light of appellant’s criminal history.
I’m not going to give you an exact number. One thing I am going to ask
you though, is, I would say not a day under 20 years. He got 20 years
his first time, and that didn’t deter him. That didn’t make any changes
in his decision-making skills or what he does for a living. He was out
eight years later caught committing another offense of the very same
nature.

          Appellant did not object to the prosecutor’s argument. As a general matter, to
preserve error for review on appeal, a defendant must object to an improper jury
argument. Tex. R. App. P. 33.1; Simpson v. State, 119 S.W.3d 262, 268 (Tex. Crim.
App. 2003); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Appellant
forfeits his right to complain on appeal about improper jury argument—including
improper argument that was so prejudicial that an instruction to the jury to disregard
could not have cured it—unless he objected to the argument at trial and pursued his
objection to an adverse ruling. See Cockrell, 933 S.W.2d at 89; Garcia v. State, 887
S.W.2d 862, 877 (Tex. Crim. App. 1994) (holding that no error was preserved when
appellant did not object to the State’s alleged comment during closing argument on
appellant’s failure to testify), abrogated in part on other grounds by Hammock v.
State, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001). Because appellant forfeited
his right to complain on appeal, we need not consider whether the prosecutor’s
statements were improper.



          Ineffective Assistance of Counsel
          Within his sole point of error, appellant also argues that if we find that his trial
counsel failed to preserve error, we must find that his counsel was ineffective.
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Strickland, 466 U.S. at 688, 104 S. Ct.
at 2065; McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). 
Second, the defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064. This requires the defendant to show that there is a reasonable probability that
but for his counsel’s unprofessional errors the result of the proceeding would have
been different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. 
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The failure to satisfy one prong of the
Strickland test negates a court’s need to consider the other. See Strickland, 466 U.S.
at 697, 104 S. Ct. at 2069. 
          An appellant bears the burden of proving by a preponderance of the evidence
that his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). We cannot speculate beyond the record provided; rather, a reviewing
court must presume that the actions were taken as part of a strategic plan for
representing the client. Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App.
1999). The appellant must overcome the presumption that his trial counsel’s strategy
was sound and affirmatively demonstrate the alleged ineffective assistance of counsel.
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Thompson, 9 S.W.3d
at 814. The right to effective assistance of counsel means the right to reasonably
effective assistance, not errorless assistance. Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984).
          Appellant contends that his trial counsel was ineffective because he failed to
object to the prosecutor’s statements regarding the effect of parole law on sentencing. 
Appellant argues that his counsel’s failure to object to these statements, combined
with his own statement regarding parole,


 amount to ineffective assistance of counsel
without the need of any evidence of counsel’s trial strategy.
          Appellant did file a motion for new trial. However, in his motion for new trial,
and at the motion for new trial hearing, appellant did not assert that his trial counsel
was ineffective. Hence, the record is undeveloped and does not adequately depict the
failings or strategy of appellant’s trial counsel. To conclude that counsel’s actions
during the punishment phase of the trial were so below an objective standard of
reasonableness as to justify a holding that they amounted to ineffective assistance
without a proper record of counsel’s trial strategy would require this Court to
speculate. We will not do so. Particularly, we will not speculate when the argument
by the prosecutor appears to be a proper deduction from the evidence. Accordingly,
appellant has not met the first Strickland prong. See Strickland, 466 U.S. at 688, 104
S. Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).