Opinion issued June 16, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00499-CR




MARK LOUIS FLETCHER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 951929




MEMORANDUM OPINION

          Appellant, Mark Louis Fletcher, pleaded guilty to aggravated sexual assault of
a child without an agreed recommendation as to punishment. See Tex. Pen. Code
Ann. § 22.021(a) (Vernon Supp. 2004-2005). The trial court found appellant guilty
and assessed his punishment at 20 years in prison. In two points of error, appellant
argues that he received ineffective assistance of counsel and that his punishment
violated the Eighth Amendment to the United States Constitution.


 We affirm.
Procedural Background
          Appellant pleaded guilty to aggravated sexual assault of a child and waived his
right to a jury trial. The trial court found appellant guilty of aggravated sexual assault
of a child and held a pre-sentence investigation hearing. Appellant or defense
counsel waived the court reporter for purposes of recording the pre-sentence
investigation hearing. The trial court assessed appellant’s punishment at confinement
for 20 years. Appellant did not file a motion for new trial.
Ineffective Assistance of Counsel
          In his first point of error, appellant argues that defense counsel’s waiver of the
court reporter at the pre-sentence investigation hearing constituted ineffective
assistance of counsel because it denied him the appellate record necessary to appeal
defense counsel’s purported errors. Appellant argues that the record, had it been
made, would have shown either that defense counsel erred by failing to object to the
victim impact statement contained in the pre-sentence investigation report and,
therefore, was not acting as the counsel guaranteed by the Sixth Amendment, or that
defense counsel did object to the victim impact statement contained in the pre-sentence investigation report, thereby preserving this issue on appeal. Appellant also
argues that, had the record been made, it would have shown either that defense
counsel failed to object to the trial court’s imposition of a 20-year sentence on the
grounds that it violated appellant’s Eighth Amendment protections against cruel and
unusual punishment and that this constituted ineffective assistance of counsel, or that
defense counsel did, in fact, object to the sentence on Eighth Amendment grounds,
thereby preserving that objection on appeal. 
          Standard of Review
          We evaluate ineffective assistance of counsel claims under the two-pronged
test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).
Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). First, appellant
must show that his counsel’s representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. 2064. Second, appellant must
show prejudice: that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Id., 466
U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient
to undermine confidence in the outcome. Id. Failure to satisfy one prong of the test
negates the court’s need to consider the other. Id., 466 U.S. at 697, 104 S. Ct. at
2069. Appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). 
          We cannot speculate beyond the record provided. Gamble v. State, 916 S.W.2d 
92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). A reviewing court must
presume that trial counsel’s actions were taken as part of a strategic plan for
representing the client. Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App.
1999). Appellant must overcome the presumption that trial counsel’s strategy was
sound and affirmatively demonstrate his alleged ineffectiveness. Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000).
          No Record of Hearing
          Appellant, in essence, asks this Court to rule that waiver of a court reporter at
a pre-sentence investigation hearing is per se ineffective assistance of counsel. 
Because appellant has no record upon which to base his contentions that defense
counsel preserved error or erred in failing to do so, he asks this Court to assume that
defense counsel either preserved error or failed to do so with no reasonable strategic
reason for making that decision. Appellant’s assertion that errors could have taken
place and might have been shown had a record been requested does not overcome the
presumption that defense counsel acted reasonably. Appellant has neither provided
a record of error by counsel, nor has he provided any record of defense counsel’s trial
strategy. With no record of a failure to object and no evidence of defense counsel’s
strategy, this court is in no position to presume that defense counsel failed to make
a proper objection or had no sound trial strategy for doing so. Accordingly, appellant
has not satisfied the first prong of Strickland, 466 U.S. at 688, 104 S. Ct. 2064.           We overrule appellant’s first point of error.
          Cruel and Unusual Punishment
          In his second point of error, appellant contends that his 20-year sentence
violated the Eighth Amendment prohibition against cruel and unusual punishment.
Appellant contends that his punishment constitutes fundamental error requiring
reversal and that the failure to preserve this error at trial is, therefore, irrelevant. 
Appellant also argues that the sentence is grossly disproportionate to the offense
because he had no prior adult convictions, no deadly weapon was used in the
commission of the offense, and the complainant’s physical injuries were minor.
          A defendant must make a timely, specific objection at trial to preserve error for
review. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App.
2000). Generally, a party’s failure to make a timely objection waives the error. Blue,
41 S.W.3d at 131. Even constitutional errors may be waived by a failure to object at
trial. Id.; Saldano v. State, 70 S.W.3d 873, 891 (Tex. Crim. App. 2002). However,
appellate courts may take notice of fundamental errors affecting substantial rights in
criminal cases even though they were not brought to the attention of the trial court. 
Tex. R. Evid. 103(d). Fundamental errors are those affecting rights so fundamental
to the judicial system that they are granted special protection and cannot be waived
by inaction alone. See Blue, 41 S.W.3d at 131. 
          Because the court reporter was waived, appellant has no record of any
objection that would have preserved a claim of error on Eighth Amendment grounds. 
Appellant argues that his Eighth Amendment claim falls into that class of substantial
rights accorded special protection referred to in Blue and that this Court should,
therefore, consider it despite his conceded failure to preserve it at trial. 
          Texas courts have established that failure to raise Eighth Amendment cruel and
unusual punishment claims at the trial level waives them on appeal. See Saldano, 70
S.W.3d at 891; Jenkins v. State, 912 S.W.2d 793, 815 (Tex. Crim. App. 1995). Such
claims have been held not to be so fundamental as to relieve the appellant of the
necessity of a timely, specific objection at trial. See Curry v. State, 910 S.W.2d 490,
497 (Tex. Crim. App. 1995). Because appellant cannot show that he objected to his
punishment on Eighth Amendment grounds, we conclude that he has not preserved
his complaint for appeal.


 See Tex. R. App. P. 33.1. 
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Do not publish. See Tex. R. App. P. 47.2(b).