Opinion issued June 30, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01039-CR




DARRYL BENET KINNEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 961044




MEMORANDUM OPINION

          Appellant Darryl Benet Kinney pleaded guilty to the state jail felony of
possession of a controlled substance, and pleaded true to two enhancement
paragraphs of prior state jail felony convictions, as alleged in the indictment. The
trial court assessed punishment at four years’ deferred adjudication community
supervision conditioned, upon Kinney’s completion of the Success Through
Addiction Recovery (“STAR”) program. Ten months later, the State moved to
adjudicate Kinney’s guilt. Kinney stipulated to the evidence of the allegations in the
State’s motion without an agreed punishment recommendation. The trial court
adjudicated Kinney’s guilt and assessed punishment at six years’ confinement. 
Kinney contends (1) his sentence is grossly disproportionate to his offense, thereby
violating the Eighth Amendment’s prohibition against cruel and unusual punishment;
and (2) he received ineffective assistance of counsel. We affirm. 
Discussion
Cruel and Unusual Punishment
          In his first issue, Kinney contends that his sentence is grossly disproportionate
to the offense he committed, and thus constitutes cruel and unusual punishment under
the Eighth Amendment to the United States Constitution. The State responds that
Kinney failed to preserve his issue for appeal. We agree. 
          In order to preserve error on appeal, a party must specifically object and obtain
a ruling from the trial court, or object to the trial court’s refusal to rule. Tex. R. App.
P. 33.1(a). The complaining party must object at the earliest possible opportunity and
obtain an adverse ruling. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App.
2002) (citing Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). 
Arguments on appeal must comport with the objection at trial, or the error is waived. 
Id. (quoting Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). An
objection will be sufficient to preserve error for appellate review if it communicates
to the trial judge the objecting party’s requested relief and the basis for the relief in
a manner clear enough for the judge to understand the objection and request, at a time
when the trial court can act upon the request. Lankston v. State, 827 S.W.2d 907, 909
(Tex. Crim. App. 1992). This is true even if the complaint is based upon
constitutional grounds. See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995); see also Espinosa v. State, 29 S.W.3d 257, 260 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d). The failure to specifically object in the trial court waives an
Eighth Amendment cruel and unusual punishment claim. See Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d); see also Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
Here, Kinney failed to raise his error in the trial court either by an in-court objection
or a post-trial motion. We therefore conclude that Kinney failed to preserve his issue
for appeal. 
Ineffective Assistance of Counsel
          In his second issue, Kinney contends he received ineffective assistance of
counsel because his trial counsel failed to conduct a thorough background
investigation in order to present mitigating evidence to the trial court during the
sentencing phase of his trial. Kinney further contends that his trial counsel should
have requested a presentence investigation (“PSI”) report to introduce sufficient
evidence into the record to allow the trial court to “meaningfully exercise its
discretion.” The State responds that no evidence exists in the record to rebut the
presumption that Kinney’s trial counsel’s strategy was reasonable. 
          To prevail on a claim of ineffective assistance of counsel, the defendant must
show (1) his counsel’s performance was deficient; and (2) a reasonable probability
exists that the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).
          The first prong of Strickland requires the defendant to show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove by a
preponderance of the evidence that his counsel’s representation objectively fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).
          The second prong requires the defendant to show a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Thompson, 9
S.W.3d at 812. The Court of Criminal Appeals has observed that the “purpose of this
two-pronged test is to judge whether counsel’s conduct so compromised the proper
functioning of the adversarial process that the trial cannot be said to have produced
a reliable result.” Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); see also
Thompson, 9 S.W.3d at 812–13 (citing McFarland v. State, 845 S.W.2d 824, 843
(Tex. Crim. App. 1992)). A reviewing court must indulge a strong presumption,
however, that counsel’s conduct falls within the wide range of reasonable
professional assistance; that is, the defendant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Any allegation of
ineffectiveness must be firmly founded in the record, and the record affirmatively
must demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813 (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Failure to make
the required showing of either deficient performance or sufficient prejudice defeats
an ineffectiveness claim. Id. 
          Here, both parties concede that no reporter’s record is available for this Court
to review the adjudication or sentencing hearing. We cannot speculate whether
Kinney’s trial counsel introduced witness testimony or presented arguments. Further,
Kinney failed to move for a new trial to further develop the record alleging his trial
counsel’s ineffective assistance. Without more in the record, we must presume that
Kinney’s trial counsel took actions as part of his strategic plan to represent his client. 
See Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App. 1999). We conclude
that Kinney fails to rebut the presumption that his trial counsel’s strategy was
reasonable and therefore hold that he received effective assistance of counsel. 
Conclusion
          We hold that (1) Kinney failed to preserve his Eighth Amendment cruel and
unusual punishment issue for appeal, and (2) he fails to establish that he received
ineffective assistance of counsel. We therefore affirm the judgment of the trial court. 

 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).