Opinion issued March 23, 2006 
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00198-CR




RAYMOND HARRIS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 983637




MEMORANDUM OPINION

          Appellant, Raymond Harris, Jr., pleaded guilty before a jury to the offense of
sexual assault of a child. After a punishment hearing, the jury assessed appellant’s
punishment at 14 years’ confinement. In a single point of error, appellant contends
that he received ineffective assistance of counsel during the punishment phase of his
trial. 
BACKGROUND
          In April 2004, appellant was indicted for sexually assaulting his 16-year-old
daughter, W.H. In February 2005, appellant pled guilty to the indictment in open
court and before a jury. During the subsequent punishment hearing, held before the
jury, W.H. testified that appellant had sexual intercourse with her approximately
seven times during the winter of 2004. The initial sexual assault occurred on a
stormy night in February. Because she was frightened by the storm, W.H. accepted
appellant’s invitation to sleep in his bedroom. When she began to fall asleep,
appellant fondled W.H.’s vagina and instructed her to remove her clothes. Appellant
and W.H. then had vaginal intercourse. 
          During his cross-examination of W.H., appellant’s trial counsel asked a series
of questions suggesting that W.H. could have voluntarily left appellant’s bedroom on
the night the first incident occurred and implying that she was partially responsible
for the events that took place. These questions were asked during the following
exchange: 
APPELLANT’S TRIAL COUNSEL (COUNSEL): Okay. Why didn’t
you just walk out of the room?
 
W.H.: Because my dad is not that type of person—my dad has a bad
temper problem. Our whole family do.

          COUNSEL: But you didn’t try to walk out of the room, right?

          W.H.: No, sir. 
 
COUNSEL: So I’m wondering, if he wasn’t holding you down or
forcing you in any way, why didn’t you just get up and walk out of the
room?

          W.H.: Because he wouldn’t react the same way. 

          COUNSEL: I’m sorry?

          W.H.: He wouldn’t react in a calm way. 

          COUNSEL: But he didn’t get angry at you that night, right?

          W.H.: No, sir. 

          COUNSEL: Not at all?

          W.H.: No. 
 
          COUNSEL: You did not agree to do this with your father in any way?

          W.H.: No, sir. 

          COUNSEL: Okay. So if he were to say that, that would be completely untrue?

          W.H.: Yes, sir. 

          . . . 

          COUNSEL: Well, did he not react in a calm way?

          W.H.: No.

          COUNSEL: He didn’t hold you down on the bed, did he?

          W.H.: No. 
 
COUNSEL: He wasn’t hitting you or yelling at you or doing anything
at all, was he?

          W.H.: No. 
 
COUNSEL: So I guess the question is, if he wasn’t forcing you to do
this, why didn’t you just leave? 

          W.H.: Because it wouldn’t be that easy. 

          COUNSEL: Why?

          W.H.: Because my dad has a temper. 

          COUNSEL: But he didn’t show his temper that night, did he?

          W.H.: No. 

          On redirect, the State asked W.H. if appellant had ever been violent with her. 
Over the objections of appellant’s counsel, the trial court allowed W.H. to answer the
question after concluding that her testimony on the matter would constitute relevant
rebuttal evidence. W.H. testified that on more than one occasion appellant had struck
her in the face with either an open or closed fist and that, because of this, she knew
that her father was capable of physical violence. 
          At the conclusion of the punishment hearing, the jury assessed appellant’s
punishment at 14 years’ confinement. The possible punishment for sexual assault of
a child ranges from 2 to 20 years’ confinement and may include a fine of up to
$10,000. See Tex. Pen. Code Ann. § 22.011 (Vernon 2003). Appellant had filed a
sworn motion for community supervision. 
DISCUSSION
          In his sole point of error, appellant contends that he received ineffective
assistance of counsel during the punishment phase of his trial. Appellant specifically
argues that his trial counsel rendered ineffective assistance by attempting to shift
blame to W.H. for appellant’s sexual assault. According to appellant, the effort to
blame W.H. unnecessarily inflamed the jury and opened the door for the admission
of evidence showing that appellant had committed prior acts of violence against W.H.
          Standard of Review
          We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez
v. State, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must
show his counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. at 688, 104 S. Ct. at 2065;
McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). Second, the
defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. This
requires the defendant to show that there is a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. at 694, 104 S. Ct. at 2068. 
The failure to satisfy one prong of the Strickland test negates a court’s need to
consider the other. See id. at 697, 104 S. Ct. at 2069. 
          Appellant bears the burden of proving by a preponderance of the evidence that
his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Appellant must overcome the presumption that his trial counsel’s strategy was
sound and must affirmatively demonstrate the alleged ineffective assistance of
counsel. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Thompson,
9 S.W.3d at 814. We cannot speculate beyond the record provided; rather, a
reviewing court must presume that the actions were taken as part of a strategic plan
for representing the client. Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App.
1999). 
          Here, appellant contends that his trial counsel’s attempt to blame W.H. for his
actions needlessly inflamed the jury and thus amounted to ineffective assistance of
counsel. Appellant argues that when a father is charged with sexually assaulting his
daughter, any trial strategy that attempts to mitigate punishment by showing consent 
is on its face ineffective assistance of counsel. We decline to endorse such a broad
proposition. 
          In doing so, we note that one of the purposes of the punishment phase is to
permit the defense to introduce evidence of mitigating circumstances. See Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2005). During that phase,
appellant stated that W.H. had initiated sex with him. Since a defendant has the right
to testify at the punishment phase of his trial,


 we fail to see how appellant’s trial
counsel could have prevented the jury from concluding that appellant blamed W.H.
for the events at issue when appellant himself testified to that effect. Therefore,
without specific record evidence showing otherwise, we must presume that the
contested actions taken by appellant’s trial counsel were part of a valid strategic plan. 
See Young, 991 S.W.2d at 837–38. Moreover, even assuming that appellant’s counsel
committed professional errors during his cross-examination of W.H., appellant has
not shown that but for his counsel’s errors the result of the proceeding would have
been different.


 See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. 
          We conclude that appellant has failed to meet the two prongs of the Strickland
test and overrule his sole point of error. 
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.