NO. 07-06-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2008
______________________________
 
RACHEL A. GALLAWAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6807; HONORABLE LEE WATERS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Appellant Rachel A. Gallaway appeals her conviction by jury of the third degree
felony offense of injury to a child and her sentence that includes confinement for six years
in the Institutional Division of the Texas Department of Criminal Justice. We affirm.
Appellant was charged by indictment with intentionally and knowingly causing bodily
injury to her son W.G., a child 14 years or younger, by striking the child with a paddle
and/or leather strap.


 Following her plea of not guilty, the matter proceeded to jury trial.
Background
The State’s case on guilt-innocence at trial was presented through the testimony of
W.G.’s school teacher, a school nurse, a Pampa police officer, a forensic interviewer, and
the victim W.G. The State also introduced a wooden paddle, a leather strap and several
photographs of W.G.
Testimony showed Child Protective Services was notified after W.G.’s teacher and
the school nurse saw bruises on one of W.G.’s eyes and scratches on his face one day at
school, and noted bruising on his buttocks another day. Police were notified. The Pampa
police officer testified that he observed bruises and other injuries at several places on W.G.
and that he took the photographs admitted into evidence. 
W.G. was ten by the time of trial. He testified his teacher took him to the school
nurse because the teacher “kept on seeing me grab my behind.” He did so, he said,
“[b]ecause my behind hurt.” Asked why it hurt, W.G. responded, “Because my mom and
Kelly


 would spank me.” He said they spanked him with a wooden paddle and one made
of leather, and identified the paddle and leather strap in evidence as “the things they
whipped me with.” W.G. indicated the spankings were disciplinary in nature. 
The testimony of witnesses who had interviewed W.G. at the time of the incidents
generally was consistent with his trial testimony. The school nurse testified W.G. told her
the bruises on his buttocks resulted when he was hit “eighteen times” with “something from
a saddle”


 by appellant and “eighteen times” with the same instrument by Kelly.


 The
forensic interviewer testified W.G. told her the same thing.


 Photographs clearly depict
W.G.’s bruises. Appellant did not testify. 
AnalysisJury Instruction
          Appellant presents three issues for our consideration. Via her first issue, she
contends the trial court erred by failing to instruct the jury that a parent’s use of force
against a child younger than 18 years is justified “when and to the degree [the parent]
reasonably believes the force is necessary to discipline the child or to safeguard or
promote his welfare.” Tex. Penal Code Ann. § 9.61 (Vernon 2003). Such justification
provides a defense to prosecution. Tex. Penal Code Ann. § 9.02 (Vernon 2003). 
          Appellant acknowledges she neither requested such an instruction nor objected to
its omission, but argues the failure of the trial court to include it in the charge denied her
a fair trial, and thus caused her egregious harm under Almanza v. State, 686 S.W.2d 157,
172 (Tex.Crim.App. 1985) (op. on rehearing), requiring reversal. The State responds that
disposition of the issue is governed instead by the holding of Posey v. State, 966 S.W.2d
57 (Tex.Crim.App. 1998). We agree with the State.
          In Posey, the Court of Criminal Appeals held a trial court has no duty sua sponte to
instruct a jury on unrequested defensive issues even if the issues are raised by the
evidence.


 Posey, 966 S.W.2d at 61-62. Accordingly, a trial court does not err by failing
to instruct on a defensive issue in the absence of a timely request or objection bringing the
need for the defensive instruction to the attention of the court. Posey, 966 S.W.2d at 62;
see Bennett v. State, 235 S.W.3d 241, 243 (Tex.Crim.App. 2007); Rios v. State, 990
S.W.2d 382, 384 (Tex.App.–Amarillo 1999, no pet.) (both applying Posey). Because no
charge error is shown in the absence of the request or objection, no need arises for an
Almanza analysis of the harm to the defendant. Posey, 968 S.W.2d at 63-64. See also
Sullivan v. State, No. 04-07-00214-CR, 2008 WL 506230 (Tex.App.–San Antonio Feb. 27,
2008, no pet. h.) (applying Posey analysis to defense of justification by defense of
property); Abrams v. State, No. 14-00-01295-CR, 2002 WL 58822 (Tex.App.–Houston [14th
Dist.] January 17, 2002, pet. ref’d) (applying Posey analysis to defenses of justifiable use
of deadly force in self-defense and in defense of property). We overrule appellant’s first
issue.
Ineffective Assistance of Counsel
         By appellant’s second issue, she contends her trial counsel's failure to request an
instruction based on Penal Code § 9.61, or object to its omission from the charge,
constituted ineffective assistance of counsel, requiring reversal of her conviction. The State
asserts that the totality of the record reveals appellant received effective assistance of
counsel, and that in any event, appellant has not met her burden to overcome the
presumption her appointed counsel provided her effective assistance. We again agree
with the State.
       We review ineffective assistance of counsel claims under the test set forth in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). Under the first part of the
Strickland test, an appellant must show that counsel's performance was deficient. "This
requires showing that counsel made errors so serious that counsel was not functioning as
the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S.
at 687. See also Young v. State, 991 S.W.2d 835, 837 (Tex.Crim.App. 1999) (addressing
claim counsel was ineffective for failing to request jury instruction on justification defense). 
The first part presumes “that counsel is better positioned than the appellate court to judge
the pragmatism of the particular case, and that counsel made all significant decisions in
the exercise of reasonable professional judgment.” Id. (citations omitted). 
Under the second part of the Strickland test, the appellant must show that the
deficient performance prejudiced the defense. "This requires showing that counsel's errors
were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 
 Id. In other words, the appellant “must show that there is a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different.” Id. 
          Reviewing a claim of ineffective assistance of counsel, a court must examine the
totality of the circumstances to judge both the competency of counsel and the assistance
actually rendered. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). 
Allegations of ineffective assistance will be sustained only if firmly founded in the record. 
Valdes-Fuerte v. State, 892 S.W.2d 103, 110 (Tex.App.–San Antonio 1994, no pet.). The
burden of proving ineffective assistance of counsel falls on appellant and it must be proved
by a preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex.Crim.App.
1985).
In our application of the Strickland test, we are cautioned not to try to second-guess
trial counsel’s tactical decisions that do not fall below the threshold of the objective
standard of reasonableness. Young, 991 S.W.2d at 837-38. The Court of Criminal Appeals
has noted this is particularly true when the decision in question relates to the presentation
of a defense. Id. Specifically, the court has noted a competent defense attorney might
recognize that a particular defense might be available to a particular offense, but might
decide it would be inappropriate to propound the defense in a given case. Young, 991
S.W.2d at 837 (citing Vasquez v. State, 830 S.W.2d 948, 951, n.3 (Tex.Crim.App. 1992)). 
As the Supreme Court noted in Strickland, “[t]here are countless ways to provide effective
assistance in any given case.” Strickland, 466 U.S. 689. 
While failure to object to the trial court’s jury charge is a default that can amount to
ineffective assistance of counsel, situations may arise in which competent counsel may
recognize the availability of a particular defense but for strategic reasons determine it is
best not to request the instruction. Posey, 966 S.W.2d at 63; Rios, 990 S.W.3d at 385. 
Appellate courts will not speculate as to reasons trial counsel utilize a particular course of
action while representing defendants in trial; instead, a contention that a course of action
or decision made by counsel at trial constitutes ineffective assistance of counsel must be
substantiated by proof in the record. Id. 
Here, the record is silent as to the reason counsel chose not to object to the jury
instructions or request an instruction with regard to the justification pursuant to Penal Code
§ 9.61. The State suggests that, under the circumstances presented here, the assertion
of such a justification would have cost appellant her credibility with the jury. The State
notes appellant had made the decision to allow the jury to determine punishment in the
event of a guilty verdict. In any event, we find the decision to forego request for an
instruction under § 9.61 in this case does not fall below the threshold of the objective
standard of reasonableness. We will not speculate on trial counsel’s strategy, mental
processes, or reasons for not requesting the instruction. See Jackson v. State, 877
S.W.2d 768, 771 (Tex.Crim.App. 1994); Rios, 990 S.W.2d at 386. 
To demonstrate her counsel’s purported ineffectiveness, appellant relies only on his
failure to request the defensive instruction. She does not argue that any other act or
omission of counsel constituted an error meeting the first prong of the Strickland test. 
Disagreeing that the record shows counsel’s performance was deficient, we overrule
appellant’s second issue.
Sufficiency of Evidence to Support Conviction
By her third issue, appellant asserts that the evidence is legally and factually
insufficient to establish that she caused the injuries to W.G. In reviewing issues of legal
sufficiency, an appellate court views the evidence in the light most favorable to the verdict
to determine whether a rational fact finder could have found each element of the offense
beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App.
2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (citing Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If, based on all the
evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the
defendant’s guilt, due process requires that we reverse and order a judgment of acquittal. 
Swearingen, 101 S.W.3d at 95 (citing Narvaiz v. State, 840 S.W.2d 415, 423
(Tex.Crim.App. 1992), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993)). 

 
In performing a factual sufficiency review, we view all the evidence in a neutral light,
giving deference to the fact finder’s determinations if supported by the record and may not
order a new trial simply because we may disagree with the verdict. Marshall v. State, 210
S.W.3d 618, 625 (Tex.Crim.App. 2006); Watson v. State, 204 S.W.3d 404, 414-15
(Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). As an
appellate court, we are not justified in ordering a new trial unless there is some objective
basis in the record demonstrating that the great weight and preponderance of the evidence
contradicts the jury’s verdict. Id. As noted, by indictment, the State charged appellant with “intentionally or knowingly
caus[ing] bodily injury to [W.G.], a child 14 years of age or younger, by striking the said
[W.G.] with a paddle and/or leather strap.” The elements of this offense are codified in
Penal Code § 22.04, which provides in part that “a person commits an offense if he
intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally,
knowingly, recklessly by omission, causes to a child . . . bodily injury.” Tex. Penal Code
Ann. § 22.04 (Vernon 2005). The jury was instructed, in accordance with statute, that
“bodily injury” means “physical pain, illness, or any impairment of physical condition.” See
Tex. Penal Code Ann. § 1.07(8) (Vernon 2003 & Supp. 2007) (so defining the term). 
          Appellant acknowledges she hit W.G. She focuses her sufficiency challenges on the
evidence demonstrating that she caused the bruises on W.G. to which witnesses testified. 
The State was not required, however, to show that appellant’s actions caused bruises on
her son, but only that, with the required mental state,


 she caused him bodily injury. W.G.’s
testimony that, as a result of the discipline administered at home by his mother and Kelly,
his “behind” hurt to the degree he was “grabbing” it at school alone suffices to permit a
rational jury to conclude appellant’s actions caused him physical pain. Viewed in the proper
light, the evidence is legally sufficient. Swearingen, 101 S.W.3d at 95.
          Appellant’s argument the evidence is insufficient because testimony showed that
she was not the only person who spanked W.G. is similarly flawed. She relies on his
statements to the school nurse and the forensic interviewer, in which he said appellant
swatted him eighteen times and Kelly did the same,


 causing the bruises on his buttocks. 
Appellant argues the jury could not infer from such testimony that appellant’s eighteen
swats caused the bruises. Again, the State did not undertake to prove appellant caused
bruises on W.G., just that her actions caused him bodily injury.


 
Viewing the testimony in a neutral light, we find the evidence of that fact is neither
so weak that the jury’s verdict seems clearly wrong and manifestly unjust, nor against the
great weight and preponderance of the evidence. Marshall, 210 S.W.3d at 625.


 
Accordingly, it is factually sufficient. We thus overrule appellant’s third issue and affirm the
trial court’s judgment.
 
James T. Campbell

                                                                                    Justice





Do not publish.